## COPLEY *v.* HASSON et al.

Where, in an action for slander of title, the petition prays that defendants may be compelled to set forth and establish their titles to the land in dispute, if any they have, and that plaintiff may have judgment for his land, quieting him in his title, and that defendants be prohibited from setting up title to the same, and for damages, the petition cannot be amended by a supplemental answer containing the grounds of a petitory action against the defendants, in which, for the purpose of the action, their possession is conceded.

The object of the action of *jactitation* is to protect the ownership of lands from disturbance by slander of the title; but the action has, in no instance, been maintained against a person in possession under a title. The possessory and petitory actions, which are regulated by positive law, give the party injured by the adverse possession every remedy that can be needed.

APPEAL from the District Court of Ouachita, *Barry*, J.   *Copley*, appellant, *pro se*.   *Purvis*, on the same side.   *McGuire* and *Ray*, for the defendants. The judgment of the court was pronounced by

ESSTIS, C. J.   This is an action of jactitation, instituted by the plaintiff against the defendants, who are charged with having, within the last twelve months, pretended to have some title or claim to certain lands described in the petition, and to have slandered the title of the petitioner, to his damage and injury in the sum of $5,000.   The prayer of the petition is, that they be compelled to set forth and establish their title to the lands, if any they have, and that the petitioner have judgment for his lands, quieting him in his title, &c., and that the defendants be enjoined and prohibited from setting up title to the same, and for $5,000 damages.

The defendants filed an exception to the plaintiff's action, on the ground that the plaintiff did not allege that he was in the actual possession of the lands, nor that the defendants had maliciously slandered his title; they allege that they

have been for more than two years in actual and undisturbed possession of the lands as owners thereof, except a certain portion, to which they disclaim title. This exception, involving matters of fact as to the possession of the defendants, was referred to the merits, as is stated.

An answer was afterwards filed, in which the general issue was pleaded, and a title set up under a sale for taxes, by which the defendants claim to hold the interest of one *S. P. Day* in said lands, being an undivided moiety thereof, which they allege they possess as owners.

On the day the answer was filed, the plaintiff applied to the court for leave to file a supplemental petition, which the court refused, on the ground that the amended petition changed the nature of the action; to this refusal the plaintiff, who in the court below conducted his cause in person, took a bill of exceptions.

The amended petition contained the grounds of a petitory action against the defendants, in which, for the purpose of the action, their possession was conceded.

It is contended that the court erred in not allowing the amended petition to be filed, and the authorities relied upon in support of this position are *Hoover, Tutor,* v. *Richard's Executrix,* 1 Rob. 35; and *Haydel* v. *Bateman,* 2 An. 755. In the first case, the court permitted a party, who had brought a possessory action, to amend, by converting it a petitory action, inasmuch as it benefited the defendant in making him a possessor until defendants should have shown a better title; and the possessory action was thereby renounced. Code of Practice, 54. In the case of *Bateman,* the petition did not disclose whether the action was possessory or petitory, and an amendment making it *clearly* petitory was held to be admissible. Neither of these authorities appear to be applicable to the present case; and, we think, the judge did not err in refusing to allow the amendment.

The defendants pleaded to the merits under reservation of the matters set forth in their exception, and, after evidence was adduced as to the title of each party, and the trial closed, the judge nonsuited the plaintiff, and he has taken this appeal.

The case is before us under the original petition, and the only question before us is, whether the judge decided correctly in nonsuiting the plaintiff in this suit, which is one of jactitation of title exclusively.

The defendants claim the lands under a forced sale for taxes, as the property of *S. P. Day,* in November 1843, the interest of *Day* being an undivided moiety thereof. The plaintiff claims title under a purchase at sheriff's sale, in 1844, made under proceedings against *Day et al.* It does not appear that the plaintiff ever entered into possession of the lands; any possession which he can be considered as having, must result from his title exclusively.

*Hasson,* who must be considered as possessing for himself and his co-proprietor, is in possession of an undivided moiety, and his actual possession, we think, dates back for more than one year from the institution of the plaintiff's suit.

The object of the action of jactitation is, to protect the ownership of lands from disturbance by slander of the title; but we know of no instance in which the action has been maintained against a person in possession under a title. The possessory and petitory actions, which are regulated by positive law, give to the party injured by the adverse possession every remedy which can be needed. We think the judge did not err in nonsuiting the plaintiff, under the authority of the case of *Walden* v. *Peters,* 2 Rob. 333.

We have so recently given our views on the subject of this action, which we have held to be restricted within narrow limits, that it is only necessary here to refer to the case of *Packwood* v. *Dorsey*, ante p. 90.