### H. Short v. Trustees of the Methodist Episcopal Church South.

Action of jactitation—plaintiff alleged himself to be the owner and possessor of a certain lot of ground. Defendants excepted that plaintiff had not the necessary possession to maintain the action. The District Court ordered the exception to be referred to the merits—when defendants, after acquiescing in the order, amended the answer and set up title. *Held:* The amendment of defendants' pleadings waived the question of possession, and converted the action into a petitory one, in which the burden of proof was upon the defendants.

Bond to make title to a lot of ground on which a church was being erected, but in which the dimensions of the lot were not stated, and there being no proof from which it could be inferred what the dimensions were to be. *Held:* Defective as the foundation of title.

APPEAL from the District Court, Tenth District, Parish of Carroll, *Farrar,* J. Short, in *pro. per. Dubose,* for defendants and appellants.

BUCHANAN, J. This is an action of jactitation. The plaintiff alleges himself to be the owner and possessor of a lot of ground in the town of Providence, parish of Carroll, at the north-east corner of Railroad street and Fourth street, measuring fifty feet on the former, and one hundred and fifty feet on the latter.

Defendants appeared and excepted that plaintiff had not the possession requisite to maintain this action ; but, upon an order made by the court, to refer this exception to the merits, they filed an amended answer, setting up title in themselves to the land described in the petition. It is worthy of particular remark, that the defendants acquiesced in this order of court by amending their pleadings, and not insisting upon trying the issue of possession as an exception.

The District Court correctly ruled that this amendment of the pleadings of defendants waived the question of possession, and converted the action into a petitory one, in which the burden of proof was upon the defendants. *Millaudon* v. *McDonogh,* 18 L. R., 102.

The title set up by defendants is, 1st, a donation by verbal gift and delivery from *Mrs. Lucinda Chambliss,* about the year 1847, and 2d, a bond executed by *Govey Hood,* the heir, and *Wilson,* the executor of *Mrs. Chambliss,* on the 29th April, 1848, by which they bound themselves to make a title to defendants to a lot of ground in the town of Providence, on which a Methodist church was then being erected, and which lot included that claimed by plaintiff.

The bond of *Govey Hood* and *Wilson,* which is the sole foundation of defendants' title, gives no dimensions whatever to the lot on which the Methodist church is erected. Defendants pretend, without any warrant whatever in the

proof, that it should be taken to be one hundred and fifty feet square. That <span style="float:right">SHORT<br/>*v.*<br/>METHOD. EPIS.CH.</span> such was not the understanding of *Mr. Hood*, may be inferred from the fact that he sold, in January, 1852, fifty feet by one hundred and fifty, at the corner of Railroad and Fourth streets, being the identical land claimed by plaintiff, to one *McFall.* The evidence shows that there are lots in Providence of fifty feet, seventy-five, one hundred, and one hundred and fifty feet front: and it appears that the Methodist church, as erected, does not stand on any portion of the land claimed by plaintiff, and to which he has removed a building, which formerly stood upon another lot.

The defendants have entirely failed in proving title to the land in controversy. The judgment of the District Court is therefore affirmed, with costs.