### JOHN ARROWSMITH *v.* E. H. DURELL et al.

An action of jactitation cannot be maintained by a party who is not in possession.

Where an exception to the petition in an action of jactitation on the ground that the plaintiff was not in possession of the land, filed *in limine litis*, had been dismissed by the court, previously to the empannelling of the jury—*Held:* That the question of possession was not before the jury for decision.

When the plaintiff goes to trial without making the objection that issue is not joined on a reconventional demand, he cannot make objection afterwards, supposing even it is necessary to join issue upon a demand in reconvention.

Where a defendant pleads title in general terms, and the plaintiff does not require that the title should be set forth more specifically, nor crave oyer of the defendant's titles before going to trial, evidence of a specific title offered by the defendant, cannot be objected to.

A witness cannot be objected to on the ground of interest, because he is liable to the defendant as warrantor, if he has not been cited in warranty in the suit in which he is called to testify.

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*C. Redmond* and *R. H. Marr*, for plaintiff and appellant. *D. S. Bryon*, for defendant. *L. Janin*, for warrantor.

BUCHANAN, J. This is an action of slander of title or jactitation. The plaintiff alleges that he and his authors have been in full, peaceable, notorious, uninterrupted, undisputed, and exclusive possession, from the year 1758, to the institution of this suit, 1854, under a chain of titles particularly detailed, of a certain tract of land in this parish, described in the petition; that the defendant, *Durell*, has set up title to a portion of said land, and has even attempted to effect a sale of the same; that he has slandered plaintiff's title, to his damage, ten thousand dollars.

Defendant, *Durell*, denies generally, all the allegations of the petition, and specially plaintiff's possession of the land mentioned in his petition; pleads prescription, and calls in one *Mrs. Pontalba*, from whom he holds, to defend his title; prays for judgment against *Mrs. Pontalba*, for restitution of the price of sale, in case plaintiff should be adjudged to be the owner of the land. Finally, by a

supplemental answer, he alleges that plaintiff had caused him, *Durell*, damage to the amount of $20,000, by pretending title to this property, and by certain vexatious proceedings previous to the institution of the present suit; all of which had prevented said *Durell* from selling the property, which he might otherwise have done to great advantage and profit.

Upon these issues, the parties went to trial before a jury, which found a verdict in favor of defendants, upon the principal demand, and likewise upon the demand in reconvention, gave *Durell* a verdict for four thousand dollars damages against plaintiff.

An action of jactitation cannot be maintained by a party who is not in possession. But the possession of plaintiff was specially traversed, and yet there was not a particle of evidence offered by him, to maintain that allegation of his petition. He argues that this issue of possession was made in the form of an exception, which was overruled. But such does not appear to have been the understanding of the District Judge, who charged the jury that the issues of possession and title were both before them. Neither can we say that he erred. The entry on the minutes of the court is as follows :

" The court, considering that the exceptions filed by the defendants, go to the merits of the cause, it is ordered that the said exceptions be dismissed, with costs."

This order was made upon the exception being fixed separately for trial before the court, there being already a jury prayed in the cause, by whom the cause was subsequently tried.

The exception of want of possession presented an issue of fact, upon an essential part of plaintiff's case, in regard to which the burden of proof was upon plaintiff; and as no proof upon the point was tendered on the trial of the exception, it is not seen how the Judge could have put this exception out of court. We concur with the Judge below, in considering that the question of possession was before the jury for decision.

The next point that is made by appellant in this court is, that there was no issue joined upon *Durell's* reconventional claim for damages. But even supposing that it is usual and necessary to join issue upon a reconvention, of which we say nothing, plaintiff went to trial without making that objection. See *Erwin* v. *Bank of Kentucky*, 5 An. It was not even made one of the numerous grounds of the plaintiff's application in the court below for a new trial.

It is not necessary to examine plaintiff's objections to the warrantor's proof of title, inasmuch as plaintiff having made no proof of possession, his adversaries were, in strictness, not put upon proof of title in themselves.

The damages allowed by the jury, seem to be sustained by the evidence.

Judgment affirmed, with costs.

***

### SAME CASE—ON A RE-HEARING.

BUCHANAN, J. A further consideration of the authorities on the subject of pleadings in the action of jactitation, since our previous judgment in this case, satisfies us that the question of possession of the *locus in quo*, was not properly before the jury which tried the cause. The exception, filed *in liminic litis* by defendants, that plaintiff was not in possession of the land, and could not conse-

quently maintain an action of slander of his title to the same, had been dismissed by the court, previously to the empanneling of the jury. There only remained, therefore, the issue of title, and the reciprocal claims for damages of plaintiff and defendants.

Upon the question of title, the burden of proof was upon defendants; and the parties seem so to have viewed it, for all the evidence of title in the record, has been offered by the defendant, *Durell*, and his warrantor, *Mrs. Pontalba*.

Plaintiff and defendants both trace their titles to the same origin, namely, a grant from the Colonial Government of Louisiana, of date May 10th, 1758, to *Mouléon*. The petition alleges title in plaintiff by the following chain:

1. *Mouléon*, the grantee, conveyed to *Brazelier* on the 28th of June, 1768.

2. *Brazelier* conveyed to *Elizabeth Desvuisseaux*, October 15th, 1774.

3. *François D'Hebecourt* purchased at probate sale made by order of court, in the succession of *Elizabeth Desvuisseaux*, July 22d, 1820.

4. *Ferdinand D'Hebecourt* purchased at probate sale of *François D'Hebecourt's* succession, June 6th, 1833.

5. Plaintiff acquired from *Ferdinand D'Hebecourt*, by notarial act of September 7th, 1833.

Defendant's warrantor pleaded title in general terms; and the first bill of exceptions, on the part of plaintiff, which the record presents, is to the ruling of the court, which allowed the warrantor to give evidence of a specific title. The court did not err in this ruling. Plaintiff might have required the warrantor to set forth her titles more specifically in his pleadings; he might have had oyer of the muniments of that title before going to trial; but he did not think proper to do so; and by going to trial in the actual state of the pleadings, he could not deprive the warrantor of the right of establishing by precise and specific proof, the allegations thus generally made.

The next bill of exceptions was taken by the plaintiff to the admission of the testimony of *L. T. Chalon*, offered to prove that certain persons who signed notarial acts offered in evidence, were descendants and heirs of *Elizabeth Desvuisseaux*. It appeared from the testimony of this witness, given on his *voir dire*, that he had accepted the succession of his father, who was one of the persons under whom, as heirs of *Elizabeth Desvuisseaux*, the warrantor claimed to hold by virtue of the notarial acts thus signed by them; and the plaintiff objected to the competency of this witness on the ground of interest. This objection was properly overruled. Neither the witness nor any other descendant of *Elizabeth Desvuisseaux*, was cited in warranty in this case. The witness had, therefore, no interest in this suit, although he might possibly have an interest in the question. The objection only went to his crediblity; and that was matter for the consideration of the jury, which they seem to have resolved by their verdict in favor of the defendant.

Two bills of exception were reserved by plaintiff to the admission of evidence of acts of civil possession of the premises by warrantor and defendant, on the ground of irrelevency—the question before the jury being title, and not possession. Upon this point we agree with the appellant; but the bills of exception are immaterial, as the evidence is not of a character to have affected, in any event, the decision of the cause.

Two other bills of exception relate to evidence offered for the purpose of making out title to the premises in the father of the warrantor. It is unnecessary to consider these, because the proof of title derived from the heirs of *Des-*

*vuisseaux,* appears to us sufficient to justify the verdict upon this branch of the case.

The title of *Desvuisseaux* is not disputed by plaintiff. On the contrary, it is the foundation of his claim. It is only necessary to decide in whom that title now vests.

The warrantor produces a compromise between herself and the heirs of *Desvuisseaux,* of their conflicting pretensions ; and a partition by which they mutually released their pretentions to certain portions of land in favor of each other. The plaintiff's petition, as we have seen, alleges that the rights of *Desvuisseaux's* heirs to the *Mouléon* grant, had been alienated many years before the date of these documents, by an adjudication at probate sale to *D'Hebecourt.* But this rests entirely on his assertion. He has offered no proof of the fact.

Upon the point of damages, we cannot say that the verdict of the jury has done injustice. It was admitted by counsel, in the oral argument before this court, that if there was a case for damages at all, the amount allowed by the jury was sustained by the evidence. And we think such a case has been made out.

The former judgment of this court must, therefore, remain undisturbed.