No. 6521.

MARIE CLARKSTON *vs.* VINCENT & Co.

In an action for slander of title, the Defendant, by setting up title in himself to the property, stands in the position of a plaintiff in a petitory action and must make out his case.

It has been often held that, when a party relies on a title acquired by a sheriff's sale, he must show, not only the sheriff's Deed, but the writ and judgment on which the sale is based.

APPEAL from the Fourth District Court, parish of Orleans. *Campbell,* J.

Tobias Gibson for Plaintiff and Appellee.

Bayne & Renshaw for Defendants and Appellants :

In a petitory action the contending parties must claim the *same* property. Until the identity of the property be shown, the rules relative to petitory actions are inapplicable.

As against one in possession claimant is not bound to show title in himself good against the world ; *a fortiori* is he not required to make such proof when the adverse party does not claim to be in possession.   8 La. 239–246 ; 8 An. 499.

The rule that the party relying on title acquired by sheriff's sale must show deed, writ, and judgment, not invariable ; he is only held to offer the best evidence he has, although not including the aforementioned.   16 La. 441 ; 17 La. 40.

That he does not offer them is ground for objection only ; if there be no objection, the sheriff's deed is conclusive.   15 An. 389 ; 20 An. 242, 380 ; 10 An. 503.

The opinion of the Court was delivered by

TODD, J.   This is an action for slander of title.   The plaintiff charges the defendant with having slandered her title to a lot and improvements thereon in the city of New Orleans.   She claims to be the owner of the property, and to have had the quiet and uninterrupted possession of it since January the 10th, 1861, under a purchase of that date from one J. M. Green.   She claims title also by prescription, by virtue of her alleged possession under a title translative of the property for more than ten years.   Damages are claimed against the defendants for $1000, and plaintiff also asks to be quieted in her possession and for a recognition of her title.

The defendants pleaded the prescription of one year against the action, which was overruled, and also a peremptory exception denying that plaintiff's possession authorized the action, which exception was referred to and tried with the merits.

40

In their answer the defendants virtually admitted the acts charged; as slander, by setting up title in themselves to the property.

There was judgment for the plaintiff, and defendants appealed.

The plea of prescription was properly overruled. The plaintiff brought the suit within one year from the time the claim of the defendants to the property was brought to her notice and asserted against her, which constituted the alleged slander on which the action is mainly based.

The defendant by setting up title in himself to the property stands in the position of a plaintiff in a petitory action, and must make out his case. 9 M. 714. 2 R. 331. 12 A. 873. 27 A. 307.

The plaintiff has shown an uninterrupted possession of the premises from the date of her purchase, on the 10th of January, 1861, to the institution of her suit, on the 23d of November, 1875. She has also shown that her vendor Green acquired the property by act of sale from Mrs. H. J. Nicholson, widow of F. B. Conrad, and tutrix of his minor heirs, on 30th June, 1859, and that Conrad bought from D. J. Wicks on 1st December, 1846.

It is also in evidence that that lot was unimproved when bought by the plaintiff, and that she has erected a dwelling-house and made other valuable improvements thereon.

The defendants' title is derived from a sheriff's sale made under an order of seizure and sale against one A. Ehrlich on the 29th of August, 1874. Ehrlich bought from T. A. Bartlette on 4th November, 1871, and Bartlette at sheriff's sale on 7th November, 1845, under alleged judgments against D. J. Wicks, thus both parties tracing their alleged titles to a common author.

At the time the defendants purchased at the sheriff's sale under their proceeding against Ehrlich, on the 29th August, 1874, and at the time of Ehrlich purchase from Bartlette, on the 4th of November, 1871, the plaintiff was in the quiet and undisturbed possession of the premises under a recorded title translative of the property. To recover against her, defendants must show a better title. They have failed to do so. They show a sheriff's deed, based on an order of seizure and sale, and the proper writ under it in the case of Vincent & Co. vs. F. A. Ehrlich, also an act of sale from T. A. Bartlette to Ehrlich, likewise a sheriff's deed to Bartlette purporting to be under writs of *fieri facias* issued in the cases T. A. Bartlette vs. D. J. Wicks and S. Sampson vs. D. J. Wicks, but we do not find in the record either the judgments or the writs of execution under which the sale purports to have been made.

It has been often held that where a party relies on a title acquired by sheriff's sale he must show not only the sheriff's deed, but the writ and judgment on which the sale is based. 5 A. 584; 8 A. 138; 13 A. 450. See, also, H. D., 1st vol., p. 586, sec. 9.

Even admitting, then, that the titles asserted by the parties to this suit cover the same property which is disputed, we are satisfied that the defendants have not established their ownership of the property by sufficient proof.

The evidence does not authorize the amount allowed by the court. *a qua* as damages, and in this respect the judgment appealed from must be amended.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by rejecting the damages therein allowed, and that it be affirmed in every other respect, the costs of the lower court to be paid by the defendants, and of this appeal by the plaintiff.

Rehearing refused.