Craig vs. Lambert.

---

No. 1422.

MARY CRAIG VS. BERNICE M. LAMBERT.

Testimony under commission must be reduced to writing by the witness himself notary or commissioner, or some disinterested person. The court will not assume that one who, some time prior, rendered services in the nature of agency to one of the parties to the suit, was the agent at the time he executed a commission issued to him as notary public, authorizing him to receive the deposition of witnesses.

A plaintiff may obtain an injunction to maintain the *status quo* of the rights she claims during the pendency of the suit without having to obtain an order in open court, authorizing the filing of the petition as part of the suit.

The supplemental petition for an injunction is properly allowed if it does not change the issues.

Replications are not permitted by our law, and all averments in the answer are open to every species of attack without special plea.

A defendant in an action involving questions of possession, having filed an exception, which was by the courts referred to the merits without prejudice, and thereupon in compliance with the rule of court filed his answer, in which he reserved his grounds of exception, will not be considered as having waived them.

He can not be aggrieved by the court's action.

The inquiry being one principally of possession, the court limits the decision to the question of possession.

APPEAL from the Eleventh District Court, Parish of Acadia. *Lewis, J.*

*E. L. Wells* for Plaintiff and Appellee.

*K. Baillio* for Defendant and Appellant.

The opinion of the court was delivered by

BREAUX, J.   The plaintiff acquired the N. E. quarter of Sec. 27, T. 10, Range 1 west, from the State of Louisiana, and holds under patent dated May, 1872.

The remainder of the section was acquired about the same time by her father and brothers, who afterward sold their quarters of the section to her.

The patents and the deeds of sale of the land to plaintiff were recorded in the office of the clerk and ex-officio recorder in March, 1884.

In 1881 the sheriff of the parish of St. Landry sold the section at tax sale for taxes of 1877 and 1878, due by plaintiff, to Thomas Rice.

The latter sold it to plaintiff in 1882.

She claims upon these titles and alleges actual and peaceable possession of the land during more than ten years [just preceding this suit, and that the defendant, without the least right, claims the ownership of the property.

The object of this action is to maintain her alleged possession and to compel the defendant to assert or disclaim title.

The defendant interposed a peremptory exception of no cause of

action upon the ground that the plaintiff is not in possession of the property.

He alleges that his possession as owner is actual, and that he has been in possession several years, and asks that the issue of possession be decided preliminarily.

The exception was referred to the merits without prejudice. The defendant reserved his exception in his answer, and alleged that since November, 1876, he and his authors have owned and have been in possession of the property described in plaintiff's petition, in good faith, by legal and valid title acquired by him and his authors by mesne conveyance derived originally from a tax sale made in November, 1876.

The plaintiff, in her plea in replication, averred the nullity of the tax sale, and alleged that the property had never been legally assessed; that it had never been seized, and no curator *ad hoc* had been appointed by the court to represent her and the other owners who were non-residents of the parish, and that no notice had been given; that the tax deeds do not show the amount of State or parish taxes claimed as due the State.

Plaintiff alleges that the defendant had notice of the nullities she pleads; further that he has acquiesced in her possession by consenting that her tenant should remain in possession of the property.

She prays to be quieted in her title and possession.

Some time after, the plaintiff filed a second petition in the cause, setting forth that the defendant, with the fraudulent intent of depriving her of her possession, entered upon the land described in his exception and answer, in the absence of her tenant in December, 1890, and, with a number of laborers, constructed a temporary wire fence.

She reiterates that she had possession at the time, and alleges that the defendant is a trespasser.

She prayed for an injunction prohibiting the defendant from trespassing.

The writ was issued.

The defendant filed an exception to the supplemental petition on the ground that it was improperly allowed at chambers, and that it was not timely presented.

In the alternative, in case the court should overrule the exception, he prayed for a dissolution of the injunction, with damages.

In support of their 'respective tax title, plaintiff and defendant plead prescription; the former pleaded the prescription of three, five and ten years, and the latter of three and five years.

The plaintiff recovered judgment, quieting her in her title as owner and maintaining her in the possession of the property.

The defendant has reserved several bills of exception.

The first:

That the deposition of three of the witnesses was taken before a notary public, who was, the defendant alleges, the agent of plaintiff at the time of the execution of the commission.

The acts of agency consisted in addressing several letters of inquiry about the claims made to the land in opposition to plaintiff's title.

It is not proven that this notary was the appointed agent of the plaintiff.

We are referred to several decisions maintaining that the deposition of a witness must be reduced to writing by himself, or by an indifferent person, and that it is inadmissible if drawn up in the handwriting of the party or his counsel.

This is correct. A counsel or an agent is incompetent to execute a commission under which witnesses are examined in the case of the client or principal.

In the pending case there was no well defined agency at any time.

The acts of inquiry which impressed certain witnesses for defendants as acts of agency were not of a date subsequent to 1889.

The commission under which the said witnesses were examined was executed in 1891.

We will not assume that the notary was in any respect interested, and that as such his acts in executing the commission in 1891 were invalid.

The second:

Sets forth grounds against consideration of the allegations of the amended petition for the reason that the supplemental and amended petition was granted in·chambers, in vacation, and was never subsequently allowed by the court, except upon the trial of the case.

The issues are limited to the title and possession of the property and are fully set forth in the pleadings, without reference to the petition to which objection is urged. .

The object of the petition was to obtain a writ of injunction as ancillary to the original suit.

The third:

The bill reserved to the court's ruling in admitting testimony, defendant contends, is not admissible under the plea in the replication filed.

The replication contains a plea of general denial and other allegations of nullity of defendant's title.

Without the plea as filed the testimony was admissible.

With it, the issues are clearly presented.

No advantage to the prejudice of the defendant is alleged nor does it appear that there was surprise.

The last bill was reserved to the refusal of the judge *a quo* to permit the witness to state what costs were incurred by the tax collector in serving notices on the tax debtors in the advertisement of the sale of the property and the fee of the curator *ad hoc*.

The taxes were for the year 1875.

The property, described in each deed, was adjudicated for the sum of $81.

Counsel for defendant states that the object of this testimony "was to show that the sum mentioned in the tax deed was due for the taxes and costs at the time of said sale."

The amount for costs is generally limited.

After having deducted the costs as per fee bill the remainder shows amount charged for costs not fixed by law.

The issues are before the court without the evidence excluded.

*Possession:* The question of possession is the most important issue of the case.

If not all, nearly all the evidence relates to the fact of possession, and the argument of each counsel was taken up mostly in presenting the respective claims of possession.

The exception filed in which the issue of possession is set forth will be considered separately and independently of the other issues, although referred to and considered part of the merits.

The reference gave no ground for complaint, as the right to a trial " of said issue of possession before he be called upon to admit the alleged slander or be required to sue" was referred "without prejudice."

In cases such as the one at bar the defences may consist (1) of a

denial of plaintiff's possession; (2) a denial of the slander, and (3) an admission of the slander and claim of title. The issues in each are distinct.

In the instant case the defendant relies on the possession he claims, and which he has pleaded as an independent issue.

After special reservation of right to a trial of said issue he avers better title in himself.

With reference to possession plaintiff rests her claims to the property upon a written lease dated the 9th May, 1887, to J. B. Bernard, lessee.

This lease was renewed for one year, with privilege of renewal on the 5th day of July, 1890.

In 1883 this property, acquired by D. Webster on November 28, 1876, at tax collector's sale, was sold to J. B. Bernard, who became plaintiff's lessee of the property in 1887, as just mentioned.

The purchase price which the said Bernard promised to pay was represented by a promissory note made by him for the sum of $640, to be paid when he, the purchaser, became satisfied of the validity of the title.

He took possession and continued in possession until 1887, at which time he chose to become plaintiff's lessee.

In December, 1888, he sold the said lands to W. W. Duson, to be paid by the return of the note he had executed in favor of D. Webster, his vendor.

In June, 1889, Duson, the purchaser, sold the property to James A. Williams, and on the same day the last named purchaser sold to the defendant.

These deeds of sale were duly recorded. The said lease to Bernard was not recorded. The title deeds of the plaintiff were recorded in the parish of St. Landry, in which the said lands were situate at the time.

Bernard, the lessee, with reference to possession, testifies that he had heard "the Craig land title was not good, and I went to Mr. Duson and he told me that the title was good;" further, "I will sell you this land and I will get Miss Craig to give me a quit claim of her title; if I can't get it you can return the land to me; a few years after he told me he could not get it and I returned the land to him."

"I rented this land from her to use as pasture."

"I think I fenced it in 1883 and took it off in 1890, last spring."

The pending suit was filed in December, 1890, within one year after the said Bernard, lessee, had removed his fence; and within a short time after said lessee had renewed the lease with plaintiff.

It is in place to state that in 1883 the lands were delivered to the purchaser, Bernard, after a survey had been made at the instance of his vendor, Webster.

The witness Bernard, the lessee, also testifies:

Q. When you sold the land to Mr. Duson in 1888, did you not stipulate with him that you should have the refusal of renting the land from him as a pasture—was there any agreement in writing?

A. Yes; I asked him the privilege, the use of the land for two or three years, but I don't know if it was in writing or not.

The vendee testifies that Bernard said he did not know whether he would lease or not, and a short time after moved away his fence.

There was no lease agreed upon between them.

About the 1st of December, 1890, a few days before the suit was brought, the defendant constructed a one strand wire fence around the place.

The vendor, Bernard, remained in possession after the sale, until the spring of 1890.

He renewed his lease with plaintiff in July, 1890.

He had parted with his title and remained in possession undisturbed under the lease.

The defendant's counsel urges the fact that the lease was under *sous seing privé;* that it never was recorded and that his client was without notice.

These considerations do not have the effect of placing him in possession.

The vendor from whom he did not exact an actual delivery held under a vendor he permitted to remain in undisturbed possession for some time.

The law favors the vigilant.

In this instance, long delays elapsed without requiring actual delivery of the property.

During the time and prior, the plaintiff was a lessor of the person in possession.

It is a misfortune, from which we can not grant any relief, that the defendant and his authors permitted a vendor to continue in pos-

session without exacting actual delivery and immunity against an adverse possession.

Possession may be proven by parol testimony, *a fortiori* by a contract of lease *sous seing privé*.

The lessee's possession is the principal's. The plaintiff had civil possession preceded by an actual corporeal detention of the property through her lessee within the year that her action was brought.

The plaintiff was entitled to bring the possessory action and recover judgment maintaining her possession.

The action is primarily possessory in its character.

The inquiry is principally one of possession.

After the exception had been referred to the merits, as before mentioned, an issue of title was raised, which occupied comparatively but little time.

The defendant in an action of jactitation by setting up title in himself changes the suit into a petitory action, in which he becomes plaintiff, and he must succeed in the strength of his own title.

The inquiry has been so exclusively one of possession, and of the possessory action proper, that we have concluded to limit our decision to a determination of that issue.

It is therefore ordered, adjudged and decreed that the judgment appealed from be amended by limiting the decree to one of possession, and there is judgment for plaintiff against the defendant maintaining plaintiff in her actual possession of Sec. 27, T. 10, R. 1 W., and maintaining and perpetuating the injunction sued out in so far as relates to plaintiff's possession. And to maintain plaintiff's actual possession the defendant, Bernice W. Lambert, is ordered to remove the works by him erected on said lands.

As amended by limiting the decree to one of possession, the judgment appealed from is affirmed, reserving to the parties all rights they may have in so far as relates to title to the property in a petitory action.

And in so far as it decides any question of title it is annulled, reversed and avoided at appellee's costs.