(132 So. 499)

**PERKINS v. LOUISIANA LAND & EXPLORATION CO.**

No. 30427.

May 5, 1930.

On Rehearing Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

Robert J. Perkins, of New Orleans, for appellee.

Monroe & Lemann and Nicholas Callan, all of New Orleans, amici curiæ.

ST. PAUL, J.

Plaintiff brings this action for slander of title against defendant; and the latter, after excepting to the right of plaintiff to maintain the action, then sets up title in itself. The lands involved are: (a) Lot 5 of section 77, fractional section 78, and east half of section 79; and (b) section 84, and fractional section 102—all in township 14 south of range 23 east.

### I.

The first exception to plaintiff's right to maintain this action is that he was not in possession of the lands when the suit was filed.

We think he was. At that time one Brady, or his assigns, were in actual possession of the lands, trapping therein, under a lease from plaintiff. It is true that prior to the time when Brady leased from plaintiff, he had taken a lease thereon from defendant or its author in title; but the evidence, whilst confusing, nevertheless satisfies us that Brady did not get actual possession of the lands until after he obtained his lease from plaintiff, and now holds possession under the latter.

The next exception to plaintiff's right to maintain this action is that he does not own the entirety of the property, but only 65 per cent. thereof, the other 35 per cent. thereof, though standing in his name, being held by him only in trust, as it were, for other parties.

We see no merit in this. Plaintiff has undoubtedly the right to protect his own interest against the alleged unwarranted claims of

defendant, and in a like manner to protect also the interest of those for whose account he holds title.

### II.

As to the lands in section 77, 78, and 79, plaintiff shows a clear and uninterrupted title straight back to the United States. The only claim of the defendant to these lands comes through one H. H. Timkin, who purchased at a sheriff's sale directed against Wisner Estates, Incorporated, which never owned this property. The fact that the judgment against Wisner Estates grew out of a subrogation to a tax lien for alleged unpaid taxes due upon these lands does not alter the fact that the lands were sold, not at tax sale, but at sheriff's sale in execution of a judgment in personam; and such a sale cannot divest a third person of property belonging to him.

We therefore think that plaintiff has a good and valid title to the lands in sections 77, 78, and 79; and that defendant has no such title thereto.

### III.

As to the lands in sections 84 and 102, defendant shows in turn a clear and uninterrupted title to the United States through the state and the Lafourche Basin levee district.

The only title which plaintiff claims thereto is by the prescription of ten years under a title to its author the Jefferson Land Company from one Geo. H. T. Shaw, who had no valid title thereto, and sold to the Jefferson Land Company only "all my (his) right, title, interest and ownership of whatever nature" in the land (Tr. 117, 119).

In Thomas v. Kean, 10 Rob. 80, it was held by this court the sale of only the right, title, and interest of the vendor in and to the land is not such a title to the land as will be the basis of the prescription of ten years, citing Eastman v. Beiller, 3 Rob. 220.

The reason for this is apparent. Such a sale does not purport to convey the property itself, but only such interest as the vendor may have therein; which may be all or nothing; and this such title conveys on its face notice that there may be outstanding interests in others. Victoria Lumber Co. v. Dawson, 159 La. 848, 106 So. 327; citing Knight v. Berwick Lumber Co., 130 La. 233, 57 So. 900.

The doctrine that such a title cannot be the basis of the ten years' prescription was again approved in Avery v. Allain, 11 Rob. 436, and Hughey v. Barrow, 4 La. Ann. 248. The same doctrine was mentioned, but neither approved nor disapproved, because not appropriate to the case, in Land Development Co. v. Schulz, 169 La. 1, 124 So. 125.

And the fact remains that we find no instance, and none has been brought to our attention, in which a sale of only the right, title, and interest of the vendor in the property has been held sufficient for the basis of the prescription of ten years.

### IV.

■■ We therefore think that plaintiff is the owner of the lands in sections 77, 78, and 79, and that defendant is the owner of the lands in sections 84 and 102. We likewise think that plaintiff is not entitled to damages as both parties are partly right and partly wrong and each is claiming more than he is entitled to; and for that reason we also think that the costs of both courts should be equally divided between the parties, Act No. 229 of 1910, p. 388.

### Decree.

The judgment appealed from is therefore amended so as to recognize plaintiff, Robert J. Perkins, as owner of lot 5 in section 77, fractional section 78, and the east half of section 79; and defendant, the Louisiana Land & Exploration Company, as owner of section 84 and fractional section 102; all in township 14 south, range 14 east, in Jefferson parish; and the plaintiff and defendant shall each pay one-half the costs incurred in both courts. In all other respects the judgment appealed from is reversed and set aside.

O'NIELL, C. J., dissents from the ruling that a sale of "all of one's right, title and interest and ownership of whatsoever nature" cannot be the basis of prescription of ten years.

### On Rehearing.

BRUNOT, J.

This case and the case No. 30209 of our docket, entitled Robert J. Perkins v. Mrs. Mary J. Wisner et al., 132 So. 493,[1] were recently decided by this court. A rehearing was granted in each case. The cases were reargued and they have received our careful consideration, with the result that the decree heretofore rendered in each case is reinstated and made the final judgment of the court.

■ The two cases present the same determinative issue, i. e., the ten-year prescription acquirendi causa. We have found that the later and better reasoned decisions of this court hold that a quitclaim deed is sufficient basis for the maintenance of the ten years' prescription acquirendi causa, if accompanied by actual possession of the property for that length of time after the recordation of the deed.

■ We have found, for the reasons stated in No. 30209, Robert J. Perkins v. Mrs. Mary J. Wisner et al., 132 So. 493,[1] which opinion is this day handed down, that neither J. H. M. Shaw nor the Jefferson Land Company, through whom plaintiff deraigns his title, ever

---

[1] Ante, p. 898.

had 'title to, or possession of, sections 83, 84, and 102, composing the sea marsh in the rear of the Carter and Pecan Grove Plantations, and, as plaintiff's author in title acquired the said plantations and went into possession of them under an earlier title than the quitclaim deed, that possession cannot be extended to include any part of the three sections of sea marsh.

The opinion in No. 30209, Robert J. Perkins v. Mrs. Mary J. Wisner et al., 132 So. 493,[1] is decisive of this case, and therefore the decree heretofore rendered herein is reinstated and made the final judgment of the court.

Inasmuch as our original reasons for judgment are not adhered to in this opinion, the right is reserved to the plaintiff to apply for a rehearing.

ST. PAUL, J., concurs in the decree.

(132 So. 501)