O’NIELL, Chief Justice.
 

 This suit was brought against nine defendants for slander of title of a tract of land of which the plaintiffs claim possession as owners. They claim title through mesne conveyances ' from Robert Jacobs, deceased. They alleged that the defendants were claiming an interest in the land by inheritance, directly or indirectly, from Robert Jacobs. They alleged that all of the defendants were nonresidents of the State, four of them being residents of Texas, and the whereabouts of the five others -being unknown. The plaintiffs therefore asked to have an attorney at law appointed as curator ad hoc for all of the defendants. The appointment was made, and the curator ad hoc, having taken the required oath, filed an answer for the nine defendants, He denied all of the important allegations in the petition, and in most instances rested his denial upon a want of sufficient information on the subject. He did not make any affirmative allegation claiming title for the defendants, or pray for a judgment in their favor. He merely prayed that the plaintiffs’ suit should be dismissed at their cost, and for general relief. On the trial of the case the plaintiffs offered evidence sufficient to convince the trial judge that they were in possession of the land, and owned it, and that the defendants had no claim upon it. No evidence was offered for the defendants. The judge gave judgment for the plaintiffs, declaring that they were the owners of the land and that the defendants had no interest in it. Within the year after the judgment was. rendered- five of the nine defendants brought up this appeal, through an attorney other than the one who had represented them as curator ad hoc.
 

 The four defendants who did not appeal were cited to appear as appellees, and to answer the appeal, through their curator ad hoc. He, answering the appeal, avers that, notwithstanding he made faithful and diligent inquiries for the whereabouts of the defendants, he was unable to locate any of them; he avers that he obtained all of the information that could be obtained in aid of a defense of the suit; that he attended the hearings and defended the suit as best he could; and that the reason why he did not appeal from the decision that was rendered is that he considered the decision justified by the law and the evidence. Hence he has submitted the matter to the Court.
 

 
 *905
 
 The appellants contend, primarily; that, inasmuch as the title to the land was not put at issue by the answer filed by the curator ad hoc, the judge had no authority to decide who were the owners of the land, and that he should have rendered a judgment ordering the defendants to bring a petitory action for the recovery of the land within a time to be fixed in the judgment, or suffer the consequence of being forever barred from claiming an interest in the land. The appellants contend, in the alternative, that, if this court should find that the question of ownership of the land was put at issue, the evidence in the record does not justify the judgment in favor of the plaintiffs.
 

 It is argued for the appellants that a curator ad hoc appointed to represent an absent defendant in a jactitation suit has no authority to put at issue the question of ownership of the property and thus to convert the suit into a petitory action. It is not necessary to decide whether the curator ad hoc in this case had authority to put the title to the land at issue, or to convert the jactitation suit into-a petitory action. It is' sufficient to say that the curator ad hoc did not put at issue the title to the land, or convert the action into a petitory action. In his answer to the suit he made certain admissions which were not detrimental to any claim which the defendants might have, and he made a denial of each and every allegation where an admission might be detrimental to a claim which the defendants might have. These denials, as we have said, were based mainly upon a want of sufficient information to justify a belief on the part of the curator ad hoc that the allegations were true. He was obliged to make such denials because he could not locate or communicate with the absent defendants, whom he represented. The prayer in the answer filed by the curator ad hoc was exactly what it should have been, in the circumstances; that is, that the plaintiffs’ suit should be dismissed at their cost, and for general relief. In the case of Siegel v. Helis, 186 La. 506, 172 So. 768, it was held that the only appropriate judgment to be rendered in favor of a plaintiff in a jactitation suit, when the defendant allowed judgment to go against him by default, was a' judgment ordering the defendant to bring a petitory action within a time to be fixed in the judgment, and declaring that unless he should bring the suit within the time stated he would be forever barred from claiming the property possessed by the plaintiff. The reason for the ruling in that case was said to be that a tacit joinder of issue, by the entry of a judgment by default, did not put at issue the question of title to the property possessed by the' plaintiff. By the same token, when, as in • this case, a curator ad hoc representing an absentee as defendant in a jactitation-suit does not put at issue the question of title to the property, and the plaintiff proves that he is in possession as owner of the property, the only appropriate judgment.
 
 *907
 
 to be rendered is one declaring that the defendant shall be forever barred from claiming the property unless he asserts his claim within a time to be fixed in the judgment.
 

 It is unnecessary, therefore, to consider the appellants’ alternative contention, that the evidence in this case is not sufficient to justify a judgment declaring the plaintiffs to be the owners of the land.
 

 The judgment which we shall render in this case shall not have any effect upon any claim of any of the- four, defendants who have not appealed.
 

 The judgment appealed from is annulled, and it is now- ordered, adjudged and decreed that the appellants, Ophelia Fontenot, Olivia Fontenot, Eugene Jacob, Houston Jacob, and Edward Ardoin, are allowed sixty days, from the date on which this decree shall become final, in which to assert their claims by way of a petitory action; and, if the appellants shall fail or neglect to bring such action within the sixty days, the plaintiffs’ title to the land claimed in their petition shall' stand confirmed, and the appellants shall be forever barred from claiming any interest in the land. The costs of this appeal shall be borne by the plaintiffs, and the costs incurred in the district court are to be borne by the defendants.