190 So. 227

SHERBURNE v. IBERVILLE LAND CO. et al.

No. 35144.

June 2, 1939.

Brian & Brian, of New Orleans, for appellant Iberville Land Co.

W. P. Obier, of Plaquemine, and Walter J. Burke and Lawrence Simon, both of New Iberia, for appellee.

O'NIELL, Chief Justice.

The receiver of the Sherburne Industries, Inc., claiming that the corporation was the owner and in possession of 5,856.80 acres of land, described in his petition, sued the Iberville Land Company and the Shell Petroleum Corporation for slander of title. What was complained of as the slander of title was that the Iberville Land Company, claiming to own certain mineral rights in the land, granted and recorded an oil and gas lease to the Shell Petroleum Corporation. The plaintiff, in a supplemental petition, pleaded, alternatively, that whatever mineral rights the defendants might have had were barred by the prescription of ten years, liberandi causa. The defendants, in their answers, denied that the Sherburne Industries, Inc., was in possession of the property, and averred that they, the Iberville Land Company, as owner of the mineral rights, and the Shell Petroleum Corporation, as lessee, were in possession. The defendants in their answers set forth their titles and pleaded certain facts which they contended prevented their loss of the mineral rights by prescription.

On the trial of the case, the attorneys for the plaintiff objected to the offering of evidence by the defendants tending to show an interruption of the prescription pleaded by the plaintiff. The objection stated was that, if the defendants intended to tender the question of title for decision, they should so declare, and be relegated to the position of plaintiffs in a petitory action. The judge ruled that the defendants should elect and declare whether they stood upon the title which they had set up in their answer, or rely upon the defense that the plaintiff, Sherburne Industries, Inc., was not in possession of the property. In the ruling which the judge dictated and which

was entered upon the minutes, he declared that the suit was strictly a jactitation suit, and that the only question at issue was whether the plaintiff, Sherburne Industries, Inc., was in possession of the property; and the judge proceeded then with his ruling, thus:

"The attempt on the part of the defendants to *now* enter in the record, *at this stage,* the question of the interruption of prescription, which involves a question of title, cannot *now* be heard, and [cannot be heard] *unless and until the defendants assert to the court their reliance upon their title* to meet the issue of jactitation. The plaintiffs have pleaded prescription purely and solely in the alternative; and, if the defendants desire to inquire into the interruption of prescription, or to tender evidence on that scale [score], they should assert and meet it as plaintiffs in a petitory action. * * * The objection is therefore sustained." [The italics are by the writer of this opinion].

The attorney representing the defendants, in obedience to the ruling of the judge, made this announcement, which was entered upon the minutes of the court,—viz:

"In line with the court's remarks, counsel for the defendants submit that the entire issue before the court *at the present time* is the question of possession on the part of the plaintiff." [The italics are by the writer of this opinion].

At the conclusion of the hearing of evidence on the question of possession the judge took the matter under advisement,

and afterwards rendered a written opinion, ending with the following judgment,—viz:

"For these reasons, let there be judgment in favor of plaintiff and against defendants, Iberville Land Co. and Shell Petroleum Corporation, ordering said defendants to formally disclaim any and all title in and to the property herein involved, or to assert any rights [which] either or both may claim therein, this within sixty (60) days from date of formal judgment, and, in default thereof, this judgment shall become final, and as such recognizing plaintiff as the true and lawful owner of said property, cancelling any and all muniments of title in the name of either or both defendants of record in the clerk and ex-officio recorder's office of this parish."

The judge afterwards signed what he had referred to as the "formal judgment", —viz:

"It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, * * * and against the defendants, * * * ordering said defendants to formally disclaim any and all title in and to the property herein involved and described as follows, [Here follows a description of the 5,856.80 acres of land], or to assert any rights [which] either or both may claim; *this affirmative action* to be taken within sixty (60) days from date hereof, and in default thereof then this judgment *shall become final,* recognizing plaintiff as owner of the afore-described property, and ordering the clerk and ex-officio recorder of St. Martin Parish, Louisiana, to cancel from his records any and all muniments of title

of record in the name of either or both of said defendants herein. [Italics are ours]

"It is further ordered, adjudged and decreed that all claims for damages sought by plaintiff are denied. All costs to be borne by defendants herein."

The attorneys for the defendants construed this judgment to mean that they were allowed sixty days in which to assert their claims again in answer to this suit, and thus to convert the suit into a petitory action, otherwise the judgment would "become final," and be a perpetual bar to the claims which the defendants had set forth in their original answers to the suit. Each of the defendants, therefore, filed another answer, reasserting the claim of the defendant, Iberville Land Company, to the mineral rights in the land, and the claim of the defendant, Shell Petroleum Corporation, to the lease on the land. The answers, being in the nature of petitions in a petitory action, were served upon the plaintiff, receiver of the Sherburne Industries, Inc.; and, in each one of the citations, to which the copies of the answers were annexed, the original plaintiff was cited to appear and "comply with the demand contained in the petition and answer," et cetera.

The receiver for the Sherburne Industries, Inc., who was the plaintiff in the jactitation suit, and who had become defendant by the conversion of the suit into a petitory action, filed a motion to strike out the additional answer of the Iberville Land Company, and filed a similar motion to strike out the additional answer of the Shell Petroleum Corporation. In each motion to strike out, the receiver for the Sherburne Industries, Inc., set forth the proceedings that had been had in the case, and averred "that the terms of the original judgment have become definitive, and the defendant, Iberville Land Company [or Shell Petroleum Corporation], has no right to file any pleading having for [its] purpose the revival of any issue presented in the original cause." The receiver, in each of his motions, prayed merely that the answer filed by the defendant should be stricken from the record and dismissed.

After hearing arguments on the motions to strike out the defendants' answers, the judge sustained the motion and gave judgment for the receiver of the Sherburne Industries, Inc., and against the Iberville Land Company and the Shell Petroleum Corporation, declaring that the judgment which had been rendered on the question of possession had become a final and definitive judgment at the expiration of the sixty days which were allowed the defendants to assert their claims by "affirmative action." The sum and substance of the ruling and decree was that the defendants had lost whatever claim they might have had upon the property by their failure to bring a new and separate petitory action, instead of attempting to convert the jactitation suit into a petitory action, as they did.

The Iberville Land Company and the Shell Petroleum Corporation filed a motion for a rehearing, in which motion they complained that, by the judge's decree, they were denied their day in court, and were deprived of their property without due process of law, in violation of the 14th

Amendment of the Constitution of the United States, and of Sections 2 and 6 of Article I of the Constitution of Louisiana. The motion for a rehearing was overruled. The defendants then appealed from the decision. Thereafter, on a joint motion of the receiver of the Sherburne Industries, Inc., and the Shell Petroleum Corporation, the appeal of the latter appellant was dismissed, for the reason that that appellant and the receiver had settled and compromised their differences. The only appellant, therefore, is the Iberville Land Company.

The motion of the receiver to strike out and dismiss the answers which the defendants filed after the judge ruled that the plaintiff was in possession of the property and therefore had the right to proceed with his jactitation suit should have been overruled. There is no reason why the defendants should have filed a new and independent petitory action instead of converting the jactitation suit into a petitory action. The suit was not terminated by the judge's ruling that the plaintiff had possession of the property and therefore had the right to proceed with his jactitation suit. The judge did not declare in his judgment, maintaining that the plaintiff held possession of the property, that the defendants could not present the question of title again by converting the jactitation suit into a petitory action. The judgment, limiting the time in which the defendants might assert their claims, was not a final or definitive judgment. It merely maintained that the plaintiff had the right to proceed with his jactitation suit. The judgment was not an adjudication at all on the claims which the defendants had asserted in their original answers to the suit, because, by the ruling of the judge during the hearing of evidence, these claims were withheld temporarily or until the judge could dispose of the question whether the plaintiff had possession of the property. We say that the withholding of the defendants' claims to the mineral rights was only temporary, to abide the judge's ruling on the question of possession, because the judge and the attorneys, virtually so declared. We have emphasized this in our quotations from the judge's ruling, and from the attorneys' announcement. For example, the judge in his ruling used twice the expression "now," and once the phrase "at this stage," and the phrase "until the defendants assert", et cetera; and the attorney for the defendants, in his acquiescence in the judge's ruling, submitted that "at the present time" the only question before the court was the question of possession on the part of the plaintiff in the jactitation suit. And, in the judgment appearing at the end of the judge's reasons for judgment,—and again in his so-called formal judgment,—it was declared that unless the defendants asserted their claims by affirmative action within sixty days "this judgment shall become final." That meant that the judgment was not a final or definitive judgment in so far as the claims which the defendants had asserted—and had withheld temporarily—were concerned.

The judgment allowing the defendants sixty days in which to reassert their claims gave to the plaintiff all of the relief that he was entitled to at that stage of the proceedings, according to the prayer of his

petition. He prayed merely that the defendants should be cited to appear and answer his demand; that they should be ordered either to disclaim any title to the property or to assert any rights that either or both might claim therein; and that after due proceedings had there should be judgment in his favor, cancelling the inscription of the mineral lease, et cetera. It is to be noted that the plaintiff's idea was that the defendants were to be ordered first to disclaim or assert title, and thereafter,—after due proceedings had on any claim that might be asserted,—there should be judgment cancelling the inscription of the mineral lease, et cetera.

The plaintiff in this case was not put to any inconvenience or disadvantage by being served with an answer, converting the jactitation suit into a petitory action, instead of being served with a petition in another petitory action, under another docket number and title. We had an example of that in Bienvenue v. Bienvenue, 192 La. 395, 188 So. 41. After a judgment of divorce in favor of the husband had become final, the ex-wife brought a rule against him for alimony and obtained a judgment for alimony, in the divorce suit, which was at an end. On appeal, this court sustained an exception to the proceeding by rule, instead of by the ordinary process, and dismissed the rule for alimony. Bienvenue v. Bienvenue, 186 La. 429, 172 So. 516. Mrs. Bienvenue renewed her claim by bringing an ordinary suit, instead of a rule, for alimony; but she brought the new suit under the title and docket number of the old divorce suit; and we held that inasmuch as the new suit for alimony was an ordinary proceeding, and not a summary proceeding, its being brought under the title and docket number of the old suit which was terminated was a matter of no importance.

In this case it was appropriate for each of the defendants to call his second answer to the suit a "petition and answer," because the answer to the jactitation suit became a petition in a petitory action.

It would be very harsh indeed to penalize the appellant, Iberville Land Company, for the failure of its attorneys to know or understand that the judge intended that they should bring a new petitory action, instead of converting the jactitation suit into a petitory action, when the judge decided that the plaintiff was in possession of the property, and that the defendants should assert their claims by "affirmative action" within sixty days. In every jactitation suit that we are referred to in the briefs in this case, except where the judgment went by default or where the defendant declined to challenge the plaintiff's title, the proceedings were conducted as in the present case; that is to say, if the defendant denied that the plaintiff was in possession, and the judge, after hearing evidence on that question, decided that the plaintiff had possession of the property, the judge permitted the defendant to convert the suit into a petitory action, and did not compel him to bring another suit. Here is a list of cases that were proceeded with in that way: Copley v. Hasson, 4 La.Ann. 531; Short v. Church, 11 La.Ann. 174; Arrowsmith v. Durell, 14 La.Ann. 849; Clarkston v. Vincent, 32 La.Ann. 613; Dalton v. Wickliffe,

35 La.Ann. 355; Craig v. Lambert, 44 La. Ann. 885, 11 So. 464; South Louisiana Land Co. v. Riggs. Co., 119 La. 193, 43 So. 1003; Matthews v. Slattery, 126 La. 120, 52 So. 238; Labarre v. Burton-Swartz Cypress Co., 126 La. 982, 53 So. 113; Young v. Morgan City, 129 La. 339, 56 So. 303; Atchafalaya Land Co. v. Brownell-Drews Co., 130 La. 657, 658, 58 So. 500, Ann.Cas.1913C, 1358; Miller v. Albert Hanson Co., 130 La. 662, 58 So. 502, 503; Hanson Lumber Co. v. Mestayer, 130 La. 688, 58 So. 511; Garrett v. Spratt, 131 La. 707, 60 So. 199; Wilson v. Pierson, 143 La. 287, 78 So. 561; Baird v. Atlas Co., 146 La. 1091, 84 So. 366; Frost-Johnson Lumber Co. v. Salling's Heirs, 150 La. 756, 91 So. 207; Meraux & Nunez v. Gaidry, 171 La. 852, 854, 132 So. 401; Perkins v. Wisner, 171 La. 899, 132 So. 493; Perkins v. L. L. & E. Co., 171 La. 913, 132 So. 499; Arent v. Hunter, 171 La. 1059, 1062, 133 So. 157; Crowell & Spencer Lumber Co. v. Burns, 191 La. 733, 186 So. 85.

In the case last cited, Crowell & Spencer Lumber Co. v. Burns, 191 La. 733, 186 So. 85, 86, the plaintiff in the jactitation suit complained that the defendant should not have been allowed to convert the suit into a petitory action without the consent of the plaintiff. Answering the complaint, this court said:

"The first complaint of the [plaintiff] appellant is that the judge of the district court should not have allowed the defendants in the action for slander of title to convert the suit into a petitory action without the consent of the plaintiff in the original suit. This complaint is founded upon

the argument that an action for slander of title, or a jactitation suit, is of the nature of a possessory action, and, according to article 55 of the Code of Practice, such an action is not convertible into a petitory action without the consent of the plaintiff. * * * The defendant in a possessory action cannot contest with the plaintiff for the title to the property, but must resort to a separate action in order to claim the title. Code of Prac. art. 55. On the other hand, the defendant in a jactitation suit, or an action for slander of title, is not obliged to bring a separate action in order to claim title to the property, but may assert his claim of title in the original suit, and thus convert it into a petitory action, in which he is the plaintiff and the party who was originally the plaintiff becomes the defendant. [Here the court cited a long list of decisions].

" 'It would be idle,' said the court in McConnell v. Ory [46 La.Ann. 564] supra, 15 So. 424, 425, 'to order the defendant [in a jactitation suit] to institute another suit to establish title, when by his answer he tenders that issue.' "

Counsel for the receiver of the Sherburne Industries, Inc., cite Young v. Morgan City, 129 La. 339, 56 So. 303, and Siegel v. Helis, 186 La. 506, 172 So. 768; but neither of these decisions supports the judgment appealed from in this case. In Young v. Morgan City, the defendant, as the report of the case shows, abandoned the claim of title. The court quoted with approval the excerpt which we have quoted from McConnell v. Ory, 46 La.Ann. 564, 567, 15 So. 424, 425, to the effect that it

would be idle for the judge to order the defendant in a jactitation suit to bring a petitory action if the defendant is willing to convert the jactitation suit into a petitory action; and, in Young v. Morgan City, the court added [129 La. 339, 56 So. 304]:

"Frequently defendant in his answer sets up title in himself, thus making him the actor upon whom the burden of proof falls to sustain his claim, and the case is proceeded with, and a new suit is not ordered to be filed."

Hence, even though the interlocutory judgment which the judge rendered in this case, when he decided that the plaintiff had possession of the property, might have been construed as intending that the defendants should file a new petitory action, instead of converting the jactitation suit into a petitory action, the defendants' attorneys were justified in construing the judgment as being in conformity with the general rule in such cases.

Siegel v. Helis et al. was a jactitation suit, brought by the holder of a mineral lease on 40 acres of land. The defendants failed to answer the suit, and judgment went against them by default, recognizing the plaintiff to be the owner of the mineral lease free from any claim of the defendants. Two of the several defendants appealed to the court of appeal; and that court amended the judgment by ordering the appellants to bring a suit in revendication of their rights, but the court did not limit the time in which the suit should be brought. The plaintiff obtained a writ of review, and on review of the case this court amended the judgment of the court

of appeal by limiting the time in which the action in revendication, or petitory action, should be brought; but the court refused to pass upon the plaintiff's demand to have the title to his lease confirmed. The reason for that was that the title to the lease was not put at issue by the tacit joinder of issue. The question whether the defendants in the jactitation suit should have been allowed to convert the suit into a petitory action, instead of being relegated to a new suit, was not an issue in the case. To the same effect was the decision in Ludeau v. Jacob, La.Sup., 189 So. 570. That was a jactitation suit against several nonresidents, for whom a curator ad hoc was appointed. He declined to put the question of title at issue; and this court held that, after the judge had decided that the plaintiffs had possession of the land, he should not have adjudged the plaintiffs to be the owners of the property, but should have ordered the defendants to bring a petitory action within a time to be fixed in the decree. There was no issue in that case as to whether the defendants might not have been allowed to convert the jactitation suit into a petitory action, if they had offered to do so, instead of being ordered to bring a separate petitory action.

The attorneys for the Sherburne Industries, Inc., argue that the ordering of the defendants to pay the costs, in the judgment declaring that the Sherburne Industries, Inc., had possession of the property, was an indication that the judgment was intended to be a definitive judgment. The order that the defendants should pay the costs could not have had reference to any costs except those that were incurred in the

trial of the question whether the plaintiff had possession of the property. That part of the decree, referring to costs, was an indication that the judgment was intended to be a definitive judgment; but it was not enough, in the light of the jurisprudence, to cause the attorneys for the defendants to believe that they would not be allowed to convert this jactitation suit into a petitory action. Inasmuch as the judgment in which the defendants were condemned to pay costs was only an interlocutory judgment, rendered in a preliminary proceeding, we shall let the question of liability for the costs of that proceeding abide the final disposition of the case.

Our conclusion is that the judgment appealed from should be set aside and the case remanded for further proceedings consistent with the opinion which we have expressed.

The appellant, Iberville Land Company, has filed in this court a plea of prescription of one year. We have concluded that, inasmuch as the case must be remanded, and the appellant therefore will have an opportunity to renew his plea of prescription in the district court, it is better that the plea should be decided there first.

The judgment appealed from is annulled and reversed, and the case is ordered remanded to the district court for further proceedings consistent with the opinion which we have expressed. The Sherburne Industries, Inc., is to pay the costs of this appeal. The question of liability for the other court costs is to await the final disposition of the case.