No. 4950.

FREDERICK FAIRTHORNE VS. S. H. DAVIS, SR.

In this petitory action to recover a lot of ground in the city of New Orleans plaintiff relies on a record in the conveyance office of an agreement to sell, by Fletcher Coyle. to one Mrs. Mowbray, under whom he claims as purchaser, and who acquired the lot under private signature from Coyle, who had not alienated the same prior to the sale to plaintiff.

This instrument is not proven to have been executed by Coyle, as required by article 2253, Revised Civil Code. The registry therefore of the agreement in this case does not make proof of its execution by the parties, and has no effect against the defendant, against whose good faith nothing appears.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J. Hornor & Benedict,* for plaintiff and appellant. *Clarke, Bayne & Renshaw,* for defendant and appellee.

HOWELL, J.   This is a petitory action to recover a lot of ground in the city of New Orleans which plaintiff alleges he purchased from Mrs. Sarah Adams Mowbray on third December, 1872, by act before a Louisiana commissioner in Philadelphia, Pa., duly recorded here. He further alleges that his vendor acquired said property from Fletcher Coyle by act under private signature, dated twenty-sixth November, 1859, and duly recorded in the conveyance office in New Orleans on fourteenth March, 1860, and had not alienated the same prior to the sale to plaintiff; and that Coyle acquired from E. A. Johnson by act before P. Lacoste, notary, on said twenty-sixth November, 1859.

The defense is the prescription of ten years and title by mesne conveyance from said Fletcher Coyle on tenth April, 1861, who acquired from E. A. Johnson.

Judgment was rendered in favor of defendant, and plaintiff appealed.

The private act from F. Coyle to Sarah Adams (now Mowbray) has not been produced or accounted for; but plaintiff relies on a record in the conveyance office of an agreement of Coyle to sell to her. This

instrument is not proven to have been executed by Coyle, as required by article 2253, R. C. C., which reads:

"The record of an act under private signature, purporting to be a sale or exchange of real property, shall not have effect against creditors or *bona fide* purchasers, unless previous to its being recorded it was acknowledged by the party or proved by the oath of one of the subscribing witnesses, and the certificate of such acknowledgment be signed by the parish recorder, a notary, or a justice of the peace, and recorded with the instrument." The registry therefore of the agreement in this case does not make proof of its execution by the parties, and has no effect against the defendant, against whose good faith nothing appears. See 14 An. 599, 797; 4 N. S. 355. It follows that plaintiff has not shown a title in his author, Sarah Adams, which can defeat that of defendant from the party from whom it is alleged Sarah Adams also acquired.

Judgment affirmed.