<hr />

(46 South. 688.)

No. 16,917.

TEDDLIE v. RISER et al.

(May 25, 1908.)

1. ACTION—CHANGE OF CHARACTER OR FORM.

An action which at its institution is an action of jactitation, with the onus of proof on the plaintiff, may assume before its termination the character of a petitory action, by reason of the line of defense adopted by the defendants in respect to the issues tendered by the plaintiff.

2. REAL ACTIONS—PETITORY ACTIONS—TITLE TO SUPPORT ACTION.

In a petitory action, the success of the plaintiffs therein depends on their making good their own title, not on their disclosing weakness in that of the defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Real Actions, § 22.]

3. SAME.

Plaintiffs in a petitory action claimed that in a certain act of purchase and sale between the defendant in the suit and their own mother the property transferred in the act was purchased by the latter as their tutrix, for them and not for herself individually. The act itself being lost or destroyed, recourse was had to parol testimony to establish its contents. That testimony established that the property was purchased by the mother individually, and was later resold by her to the defendant. The testimony showing that plaintiffs never acquired ownership of the property, they, as claiming ownership, had no further concern in the title.

4. EXECUTORS AND ADMINISTRATORS — PRIVILEGES—ALLOWANCES TO SURVIVING WIFE AND CHILDREN.

A widow, with minor children, in necessitous circumstances, received from the succession of her husband $1,000 under the provisions of article 3252 of the Revised Civil Code. Be-

ing in possession of that money under those circumstances, she purchased individually certain real estate with part of the same; the seller of the property being aware of the origin of the fund. The children, coming of age, claimed that the property purchased by their mother belonged to them, and that therefore she could not alienate it. *Held*, this contention is untenable. Conceding that the mother held the entire fund in usufruct, she had the legal right as such to make use of it for her own interest, subject to the right of the children to demand in money the amount due them at the termination of her usufruct. Succession of Dielmann, 119 La. 117, 43 South. 972.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; George Wear, Judge.

Action by Edward W. Teddlie against Sarah Ethleen Riser and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Wiley Randolph Jones and White, Thornton & Holloman, for appellants. Hudson, Potts & Bernstein and Gamble & O'Connell, for appellee.

### Statement of the Case.

NICHOLLS, J. The plaintiff alleges that he is the legal owner, and has been for more than ten years in the actual and bona fide possession under valid title, of that certain square of ground, being situated in the town of Winnfield, parish aforesaid, and particularly described as block No. 16 of the old town of Winnfield, containing one acre; that same is worth more than $2,000.

"Avers that Sarah Ethleen Riser, wife of Clay Riser, Josie Edith Coats, wife of D. Benjamin Coats, and Mary Inez Cravens, wife of James Cravens, all residents of your said parish of Winn, have illegally and wantonly colluded and conspired together to slander the title of petitioner to said above-described property, and to that end, and to injure and prevent the sale by petitioner of said property"—

the said above-named persons caused their mother, Mrs. Ellen McGee, to make and have placed on record in Conveyance Book Q, folio 461, of the conveyance records of the parish of Winn, on the 19th day of March, 1907, the following affidavit and document, viz.:

"Personally came and appeared before me, the undersigned authority, Mrs. Ella McGee, who, after being by me first duly sworn, deposes and says: That she is the mother of the heirs, Sarah Ethleen Riser (née McGee), Josie Edith Coats (née McGee), and Mary Inez Cravens (née McGee). That when these children were minors deponent purchased from E. W. Teddlie, block No. 16, old town of Winnfield, about the year 1887, taking a deed to the same, and that in the deed of sale she set apart by oath that the purchase money that was used in the purchase of this property was funds realized from the community interest between her and her first husband, James Sidney McGee, and that half of the said property vested in the then minors above named, who were the children of said marriage and entitled to their interest in the said fund. That deponent believes this said property is about to be sold, and that so far as deponent is able to learn her aforesaid deed is not of record in the parish of Winn, and this affidavit is made to warn purchasers of the interest of the aforesaid heirs, and to notify them that she has been in uninterrupted possession of the said property for a period of 20 years, except a mere temporary vacation, without abandoning possession, for a term of about 2 years.

                                    "Ellen McGee.

"This done and signed, sworn to, etc., on this the 18th day of March, A. D. 1907.
    "[Seal.]      P. K. Abel.
            "Clerk and Ex Officio Notary Public."

Petitioner shows that in addition to said affidavit said defendants are claiming that they have some character of interest in said property, which said claims and the record of said affidavit as aforesaid operates as a cloud upon and slander of petitioner's title to said property, and is causing him serious injury and loss in preventing the sale of said property, which petitioner is desirous of making at advantageous prices now attaining for said property.

Avers that defendants well know that they have no valid claim or title to said property, that petitioner is the legal and lawful owner thereof, and that their unwarranted pretentions and assertions of title are not only slanders of petitioner's title, but are extremely annoying and harassing to petitioner, and damaging to his said title, and have damaged petitioner in the sum of $2,500.

In view of the premises, petitioner prays for service hereof and citation on said defendants according to law, and their said hus-

bands, for the purpose of authorizing their said wives to appear and defend this action and stand in judgment, and that they be ordered to either disclaim any title to said property or to assert herein such rights as they may have to or against said property, and, after due and legal proceedings had, that there be judgment in favor of petitioner against said defendants canceling the said affidavit, and ordering the clerk and ex officio recorder to annul, cancel, and erase same from the conveyance records of the parish of Winn, and said defendants enjoined from making any claim of ownership or interest in said property and for judgment against them in solido in the sum of $2,500 damages.

For all further orders and decrees in the premises that the law or equity will permit, costs, and general relief.

The defendants answered. After pleading the general issue, they admitted that they have claimed to own, and now that they do own, square No. 16 of the old town of Winnfield, Winn parish, La., containing one acre, and now assert title and ownership and possession of same for more than 20 years, but deny that they have ever in any way slandered, or conspired together for the purpose of slandering, the title of petitioner, E. W. Teddlie, to said property, or to any other property, and deny that they caused, or had any agency whatever in causing, their mother, Mrs. Ellen McGee, to make and have placed on record the affidavit of ownership recorded in Conveyance Book Q, folio 461, of the conveyance records of the parish of Winn, as alleged by plaintiff in his petition.

On the other hand, in reference to said affidavit, defendants assert that the said affidavit is incorrect, in stating that Mrs. Ellen McGee is the owner of one-half interest in such property, for the reason that defendants are the sole and only owners of all the said property.

Defendants deny that they have in any way annoyed or harassed petitioner, or damaged him in any sum whatever.

On the other hand, defendants aver that they are the sole owners, and have been, by title translative of property, continuously and until disturbed by the present suit, for a period of over 20 years, of the property described in plaintiff's petition, to wit: Block 16 of the old town of Winnfield, Winn parish, La.

And aver that same is now worth the sum of at least $8,000. They show that they own it by virtue of the following chain of title, to wit:

That formerly, at a date anterior to the destruction by fire of the records of Winn parish, which occurred during the latter part of the year 1880, Morris Bernstein, a resident of Winn parish, La., sold the said property to E. W. Teddlie, the plaintiff in this suit. That later, at a date unknown to your petitioners and respondents, because of their then minority and because of the destruction of the records of Winn parish, as above alleged, and because of the loss or destruction of the original act of sale, the said E. W. Teddlie, plaintiff in this action, sold said property to defendants by an act of sale made to their mother, Mrs. Ellen McGee, their duly qualified natural tutrix, who paid for same with money belonging to defendants, to wit, money received by their said mother for them as their homestead right of $1,000 as minors in necessitous circumstances as provided for by article 3252, Revised Civil Code of Louisiana, from the estate of their father, James S. McGee, all of which will be made to appear by reference to Probate Record No. 2,020 of the Eleventh judicial disstate of Louisiana, which sale they now ratify, confirm, and accept. That the fact that said purchase was made with the money of defendants in the manner above stated and for their use and benefit was and is well known to E. W. Teddlie, the plaintiff in this

suit. That said E. W. Teddlie well knows that said property is the property of defendants. That they have never parted with their interest in same. That said Teddlie was business manager and agent for their mother at the time the said money was received from the estate of their father, and at the time of said purchase by their mother from him for defendants of the said property he continued to be agent and business representative of their mother for many years. That any claim on his part now to own said property is fictitious, fraudulent, and in bad faith.

Further answering, defendants deny that said Teddlie is now or ever has been in possession of the said property, or any portion thereof, since the said sale to them through their said mother, or that he is the legal owner, or had, or ever has had, since the said sale to them, any valid title to said property.

Defendants, further answering, allege possession in themselves through their mother as their natural tutrix, and also through themselves in person, and also possession through their said mother as usufructuary, of said property from the date of its purchase from E. W. Teddlie to the present time.

And now, pleading prescription of one and ten years as owners under title translative of property in good faith, accompanied by possession, against plaintiff in bar of this action, defendants further aver that the act of sale which was passed by E. W. Teddlie to their mother, Mrs. Ellen McGee, for them, as above alleged, has been lost or destroyed, but that full proof of sale will be made on the trial of this cause.

In view of the premises, defendants pray that plaintiff take nothing by this suit, and that his demands be rejected, at his cost; that they be recognized and confirmed in the ownership and possession of the property described in the petition; for all orders necessary and proper; and for general and equitable relief, and costs.

The district court adjudged and decreed:

"That there be judgment for plaintiff and against defendants, decreeing plaintiff to be the owner of the property in contest, lot or block 16 of the old town of Winnfield, with improvements, and quieting plaintiff in his possession thereof, and decreeing and ordering, further, that the recorder of mortgages and conveyances for the parish of Winn erase from his records affidavits made by Mrs. Ellen McGee affecting property in contest, recorded on page 461 in Book Q of the Conveyances, and rejecting the defendants' demands that they be recognized as owners of the property; defendants to pay all costs of suit.

"Judgment read, rendered, and signed in open court on this the 2d day of November, 1907.
          "Geo. Wear, Judge of the 5th D. C."

Indorsed:

"Judgment.    Filed for record Nov. 2, 1907.
          "P. K. Abel, Clerk 5th D. C."

Defendants moved for a new trial on the ground that the judgment was contrary to the law and the evidence, in decreeing that the affidavit of Mrs. McGee be erased from the records, since she has not been cited herein or made a party hereto, and this affidavit can only be erased contradictorily with her.

### Opinion.

The action, when brought, was one of slander of title. The character it assumed at the close of the trial was the result of the line of defense adopted by the defendants in respect to the issues tendered them by the plaintiff.

The defendants elected to convert the action into a petitory one, by setting up ownership to the property involved in the litigation and testing their claims to the same contradictorily with the plaintiff. On that issue they carried the burden of proof, having to rely upon and depend for success upon the strength of their own title, and not the weakness of that of the plaintiff. Defendants admit in their answer that prior to the suit they had claimed and still claimed to be owners of the property described in plaintiff's petition, and in referring to the affidavit referred to therein they declared that their

mother was in error in declaring therein that she herself was the owner of one-half interest in the property, as they were the sole and only owners of all the property. They admit that the property was purchased by plaintiff from Morris Bernstein, and that while owner of the same he sold it to their mother. They contend, however, that the sale so made was not to her individually, but to themselves; she representing them in the purchase as their natural tutrix. Upon the establishment of that fact they stake their whole case. Having recognized the ownership of the plaintiff, and claiming their own ownership under him as their immediate vendor, it was incumbent upon them, not only to show that plaintiff had parted with his title to their mother, but that at that sale they were themselves the purchasers, and not their mother. This they have failed to do. The act of sale was not produced, nor was any copy of it. It was never recorded. Mrs. McGee, the mother of the defendants is the only person who testified on the subject. She testified that she had the deed in her possession; that while in her possession it was burned by accident by her. In her testimony as to the contents of the act she declared that the sale was made to herself and to her minor children; that she was their tutrix at that time; that had she not been such she would not have been intrusted with it. The defendants were children at the time, and, of course, knew nothing of the facts; nor do any of them claim to have read the act. She says that Mr. Milling was attorney of her husband's succession; that he brought the deed to her; that it was a notarial act, and she supposed Mr. Milling was a witness to it, as also a Mr. Sowers; that Mr. Sowers was dead, but Mr. Milling was living. The testimony of Mr. Milling was not taken. The plaintiff's testimony was in direct opposition to that of Mrs. McGee. He testified that the sale by him was made to Mrs. McGee in-

121 LA.—22

dividually; that there was no mention made whatever of the children in the act.

Mrs. McGee's testimony was corroborated by no one, and was, besides, contradictory— exceedingly and obviously uncertain. She evidently testified as to what she conceived was the legal situation which resulted from the fact that at the time of that sale she was the natural tutrix of her minor children and that the money with which she made payment was part of the $1,000 then in her possession which she had received from her husband's succession under article 3252 of the Civil Code, which assigns that amount to the widow and children of a deceased person in necessitous circumstances. The plaintiff's testimony was direct and positive, and the testimony in the case fully corroborated what he said. The necessities of defendants' position required them to establish affirmatively the contents of the deed, either by the production of the deed itself or by proof of its contents, if lost or destroyed.

Before Teddlie's title could be attacked by them they had to maintain their own. Should they fail in this, they had no legal concern as to whether plaintiff had rights in the property or not. If his claims and pretensions were antagonistic to those of others, it was for the latter to assert and champion them. It is very evident from the record that the defendants were firm in the conviction that if they could establish with certainty that the money with which Mrs. McGee bought the property was part of the $1,000 which she then had in her possession, obtained from her husband's succession under article 3252 of the Revised Civil Code, and establish affirmatively that Mr. Teddlie (vendor of the property) was aware of that fact, as he admitted, the legal result of those two facts would be to vest in the minor children the ownership of the property so purchased; but their proposition is not legally tenable. Assuming that the moneys in her hands were moneys of her

children, then held in entirety by her in usufruct, her position as usufructuary entitled her to use the same as she thought proper, subject only to the right of her children at the termination of the usufruct to demand from her the amount to which they were entitled. They could not possibly claim the ownership of any property which she may have bought by investing in her own name the money she held in usufruct. Succession of Dielmann, 119 La. 117, 43 South. 972.

The conclusion which we have reached that defendants acquired no rights of ownership in and to the property in litigation does away with the necessity of making any examination into or discussion of the rights of parties arising out of the alleged repurchase by plaintiff from Mrs. McGee of the same property. A large part of the transcript is taken up by testimony introduced by defendants seeking to show that that which was offered by plaintiff in regard to the second sale was insufficient to establish it. Mrs. McGee herself in her testimony recognized that she made such a sale. It appears that the original of this alleged sale, which was an act under private signature, was supposed to have been lost, and plaintiff introduced in evidence a certified copy of a record of the same. Defendants objected that the recording had been made without sufficient and proper evidence of the signatures of the parties to the act and those of the subscribing witnesses; also that, when the copy from the record was offered, Joseph Smith (who appeared as a witness to the same) was not in a position to testify positively and did not swear positively to the signatures of the parties, nor to his own. The court allowed the copy from the record to be introduced over defendants' objection. This is assigned as error. On the argument of the case plaintiff's attorney suggested to the court that the original act had been discovered, with the indorsements of the recorder thereon, and moved to have it made part of the transcript. The court, however, refused to allow this to be done, as the offer was too late. The act was nevertheless directed to be left with the clerk, which was done.

We are of the opinion that the judgment appealed from is correct, and it is hereby affirmed.