(78 South. 561)

No. 21244.

WILSON et al. v. PIERSON.

(April 1, 1918.  Rehearing Denied April 29, 1918.)

*(Syllabus by the Court.)*

1. LIBEL AND SLANDER ☞140—SLANDER OF TITLE—PLEADING.

The defendant, in an action for slander of title, who does not deny that the plaintiff is in possession of the property, or plead that the plaintiff has therefore no right of action, must either admit or deny the alleged slander—that is, either admit or deny that he disputes the plaintiff's title—and, if he claims a real right in the property, he presents for decision the question of validity of his claim.

2. LIBEL AND SLANDER ☞140—SLANDER OF TITLE—ANSWER—DENIAL.

A denial, in the answer of the defendant in an action for slander of title, that the plaintiff is in possession as owner of the property, is not a denial that the plaintiff is in possession.

3. ESTOPPEL ☞26—BY DEED.

The defendant sold to the plaintiff a tract of land of which he had no title, declaring that he reserved the mineral rights. The plaintiff, being informed thereafter that he had no title, bought the property from the party who owned it, and sued the defendant for claiming the mineral rights. The latter pleaded that the plaintiff was estopped, by the declaration in the first deed that the vendor reserved the mineral rights, from disputing the latter's title to the mineral rights. *Held*, that the plea of estoppel was not well founded, because the plaintiff had not conveyed, or pretended to convey, the mineral rights to the defendant, had not received any consideration for the supposed reservation of the mineral rights, and was therefore not under obligation to defend the defendant's claim to the mineral rights.

Appeal from Twelfth Judicial District Court, Parish of De Soto; John H. Boone, Judge.

Action of jactitation or for slander of title by J. C. Wilson and J. T. Henderson against J. T. Pierson. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. F. Pierson, of New Orleans, for appellant.  Thigpen & Herold, of Shreveport, for appellees.

O'NIELL, J.  The defendant bought the property involved in this suit from one who had no title, and sold the land to J. T. Henderson, reserving the minerals or mineral rights. Henderson, being advised thereafter that he had no title, bought the land from the owner in possession, and sold the mineral rights to J. C. Wilson. He and Henderson, claiming to have acquired possession from their vendor, brought this action of jactitation or for slander of title.

The defendant did not except to the plain-

tiffs' right of action for slander of title, or plead that they were not in possession of the property. He denied that they were in possession as owners, or that they were either the sole owners or the possessors in common. He asserted title to the minerals or mineral rights in the land, and pleaded that Henderson was estopped from disputing his (defendant's) title or possession of the minerals or mineral rights, by the act of sale in which it was acknowledged that he (defendant) reserved to himself the minerals or mineral rights in the land that he sold to Henderson. And he pleaded that Wilson, claiming title to the minerals or mineral rights by purchase from Henderson, was also bound and estopped by the latter's acknowledgment that he (defendant) had retained the minerals or mineral rights.

The defendant's answer, therefore, put at issue the question whether he or the plaintiff Wilson owned the minerals or mineral rights in the land. There is no serious dispute that the plaintiff Henderson owns the land itself. Judgment was rendered in favor of the plaintiffs, recognizing Henderson's title to the land and Wilson's title to the mineral rights. The defendant prosecutes this appeal.

### Opinion.

[1] Not having excepted or pleaded to the plaintiffs' right of action for slander of title, or denied their possession of the property, the defendant was required either to admit or to deny the alleged slander; that is, either admit or deny that he claimed title. By claiming title to a real right in the property and pleading that the plaintiffs were estopped from disputing his title, he presented to the court for decision the question of validity of his title. See Teddlie v. Riser, 121 La. 672, 46 South. 688; Garrett v. Spratt, 131 La. 710, 60 South. 199; Perry v. Board of Commissioners, 132 La. 416, 61 South.

143 La.—10

511; Slattery v. Arkansas Natural Gas Co., 138 La. 793, 70 South. 806.

[2, 3] It is of no importance whether the defendant in this jactitation suit is to be regarded as plaintiff in a petitory action, because his defense depends solely upon his plea of estoppel.

The plea is founded upon the doctrine that a claimant cannot dispute the title by which he claims. But that elementary principle is not applicable to this case, because the plaintiffs are not claiming under or by virtue of the title, or supposed title, acquired by the defendant and conveyed by him to Henderson. They have repudiated that title as a nullity resulting from the sale of property by one who did not own it. R. C. C. 2452. Surely Henderson's error in purchasing from the defendant, who had no title, did not estop Henderson from buying the property from the owner. Leonard v. Garrett, 128 La. 541, 54 South. 984. It is equally plain that Henderson's purchase from the owner of the property did not inure to the benefit of the defendant as a result of his having reserved, or declared he reserved, the mineral rights from the sale he made to Henderson. If Henderson had sold or granted the mineral rights to the defendant, a personal obligation would have been incurred by Henderson to defend his vendee's title, and the subsequent purchase of the property by Henderson would have inured to the benefit of his vendee. But what was attempted by the defendant in reserving to himself the mineral rights in the land he sold to Henderson—and what would have been accomplished if the defendant had acquired a valid title—was to create a real obligation, affecting only the property, not the person. See R. C. C. 2012.

Our opinion is that the plea of estoppel invoked by the defendant is not well founded.

The judgment is affirmed, at the cost of the appellant.