SOMMERVILLE, J.
Plaintiff, as the owner of the pine timber on the W. y2 of the S. E. % of section 2, township 9 N. of range 4 W., sought and obtained an injunction to prevent defendant, the owner of the land, from cutting pine timber thereon, and from interfering with plaintiff in the cutting of said pine timber.
Defendant answered that he was the owner of the land and the timber standing thereon, and that the time limit granted plaintiff’s authors for removing said pine timber •had expired, and that the right of plaintiff to remove the timber had been prescribed by the lapse óf 10 years.
Defendant has appealed from a judgment rendered against him.
The recorded titles show that on November 23, 1905, ' Mrs. M. C. Lewis sold the land on • which this timber grows to J. E. Hunt, defendant, and that in the same deed conveying the land to him she reserved the timber on the land to herself, without any time limit being fixed within which she might cut and remove it.
■ On December 21, 1905, Mrs. Lewis sold the timber to the Louisiana Sawmill Company, the author of plaintiff’s title, with a limit of 6 shears within which to cut and remove it, and on April 28, 1911, Mrs. Lewis sold the timber on an adjoining E. y2 of the S. W. of section 2 to the Louisiana Sawmill Company, Limited, limiting the time to 6 years in which said timber should be removed. In this same deed Mrs. Lewis extended the time fqr removing the timber which she owned on the W. y2 of the section, which timber she had formerly sold to said Louisiana Sawmill Company.
The only question in this case is whether Mrs. Lewis had the right to grant in 1911 an extension of time within which to cut and remove the timber on the W. % of the section, or whether such extension of time should have been granted by the deiendant, who was at that time the owner of the land.
[1-3] It has been repeatedly held by the court, since the passage of Act 188 of 1904, p. 420, that timber might be sold separate from the land on which it stands; and Mrs. Lewis had the undoubted right to reserve to herself the ownership of the timber when she sold the land to the defendant, in 1905. This reservation by her was made without any time limit being fixed within which she was to remove the timber; and, until defendant had invoked the process of the court to fix a reasonable time within which the timber was to be removed by Mrs. Lewis, she had the indefinite time fixed in the act of sale in which to remove the same. This defendant has never done. Therefore Mrs. Lewis had the right to remove the timber for and during an indefinite time, and sh6 had the right to transfer this right to remove to her assigns. It is true that she had limited, in 1905, in selling the timber to the Louisiana Sawmill Company, the right to remove the pine timber to 6 years from that date; but she, at the same time, had the *345 right to extend this limitation to ent and remove the timber before said term had expired, or to renew the right after it had expired, and the Louisiana Sawmill Company had the right to transfer to plaintiff, the pine timber owned by it,- and the right to remove same within the extended time.
[4] Defendant argues that the sale of standing timber is the granting of a servitude, and not a sale of the timber, and that such servitude was prescribed by 10 years. The contrary has been decided in the case of Simmons v. Tremont Lbr. Co., 144 La. 719, 81 South. 263, and in the authorities therein cited.
The judgment appealed from is affirmed.