No. 4076

Second Circuit

(Second Division)

BODCAW LUMBER CO. OF LA., INC., v. WALKER, JR., ET AL.

(July 16, 1931. Opinion and Decree.)

White, Holloman & White and A. L. Burford, of Alexandria, attorneys for plaintiff, appellee.

Breazeale & Hughes, of Natchitoches, attorneys for defendants, appellants.

TALIAFERRO, J. Plaintiff brings this suit in jacitation against the heirs of T. A. Walker, deceased, to-wit: T. A. Walker, Jr., Mrs. J. H. Pumphrey, and Mrs. J. S. Washburn, alleging ownership and possession for more than ten years of W½ of SW¼ of section 19, township 13 N., R. 7 west, containing 80.00 acres in Natchitoches parish, and prays that defendant be ordered to disclaim any title whatever to said land, or to assert such rights as they may have therein. That it purchased the land June 27, 1906, according to deed recorded in Conveyance Book 118, page 399, parish of Natchitoches. In the alternative, should defendants show a legal chain of title to the property, which plaintiff denies they have, in that event plaintiff pleads the prescription of ten years in bar of defendants' rights in said property. Plaintiff avers that its possession of said land has been continuous, open, peaceable, and undisturbed, in good faith, for more than ten years, except for the slander thereof by defendants, and was exercised by cutting timber thereon, by building a tramroad across same, and by the payment of taxes; and finally prays to be recognized as owner of the land, and quieted in the possession of same.

Defendants aver that their father, T. A. Walker, deceased, purchased said land from T. S. Gibbs on January 11, 1900, according to deed recorded February 21, 1900, in Conveyance Record Book No. 102, page 298, of Natchitoches parish; that on his death, a few years past, they inherited same as his sole heirs; that deceased had the open and public possession of the land while living, and respondents have likewise possessed same since his death; that such possession by their father had been disturbed or interfered with only twice—once by a sawmill company cutting the timber thereon, which respondents

aver, they were informed, was done by plaintiff, for which timber, plaintiff, or one of its vendors, A. R. Johnson, paid, amounting to $400; and once by another person cutting ties from the land for which $65 was collected as the value of the timber thus cut and used; that if plaintiff did not cut said timber it was well aware that respondent's father claimed said land and timber and called upon its vendors, Johnson and Weaver, to pay the value of the timber cut, and which was full knowledge to plaintiff of Walker's title and, therefore, plaintiff is estopped to file this suit for slander of title, which is specially pleaded.

Defendants specifically deny plaintiff's asserted ownership and possession of the land involved, and aver that plaintiff is without right in law to charge that respondents are guilty of slandering its title, and denies that such has been done.

They pray that plaintiff take nothing by this suit, and its demand be rejected at its cost.

The district court maintained plaintiff's plea of prescription of ten years, recognized its ownership of the land sued for, and quieted its possession thereof. Defendants have appealed.

Defendants, by asserting title in themselves to the land described, converted the suit into a petitory action, fully tendering the issue of ownership, and carried the burden of proof, making it necessary that they depend upon the strength of their own title and not upon the weakness of the title of plaintiff. 6 La. Digest, Slander of Title, page 763.

"The defendants elected to convert the action into a petitory one, by setting up ownership to the property involved in the litigation and testing their claims to the same contradictorily with the plaintiff. On that issue they carried the burden of proof, having to rely upon and depend for success upon the strength of their own title, and not the weakness of that of the plaintiff. * * *

"Before Teddlie's title could be attacked by them they had to maintain their own. Should they fail in this, they had no legal concern as to whether plaintiff had rights in the property or not." Teddlie v. Riser, 121 La. 666, 46 So. 688, 690; Garrett v. Spratt, 131 La. 707, 60 So. 199.

This land was transferred to the state of Louisiana under the Swamp Land Grant of 1849, and approved thereunder in 1852. It was patented by the state to R. Murphy, June 25, 1860, but there is nothing of record in Natchitoches parish divesting Murphy's title. From 1907 to 1930, inclusive, it was assessed regularly to plaintiff and to T. A. Walker or his heirs.

The land was conveyed to plaintiff June 19, 1906, by A. R. Johnson and J. R. Weaver, with other lands and deed duly recorded. It is admitted that the records of Natchitoches parish do not show any conveyance running to these vendors.

Defendants claim their father acquired it from T. S. Gibbs, January 9, 1900, and offered in evidence what purports to be a copy of the deed to their father, which, on its face, appears to have been executed in the county of Harris, state of Texas. It is only signed by the grantor, who acknowledged same before a justice of the peace. Neither the deed nor the acknowledgment is attested by any witnesses. Plaintiff objected to the admissibility of the instrument because it was not self-proving, not a notarial act, nor a private act executed, proven, or acknowledged, as required by the laws of Louisiana. The objection was overruled, and the document filed in evidence. This ruling was erroneous. The instrument is clearly not admissible. Civ. Code, art. 2253; Act No. 68

of 1914; Fairthorne v. Davis, 28 La. Ann. 725.

Prior to the act of 1914, acts under private signature evidencing sale of land, even when attested by two witnesses and proven by the affidavit of one of them, were not admissible in evidence. It was necessary to adduce additional proof of the execution of the acts. The act of 1914 makes admissible instruments thus executed and proven by affidavit of one of the attesting witnesses, but does not open the door to the admissibility of an act of sale when only signed by the grantor and by him acknowledged before a justice of the peace, when the act itself and the acknowledgment are not attested by witnesses. The record shows no title of any character running to Gibbs, who is supposed to have sold the land to Walker in 1900, and with the elimination of the purported conveyance from Gibbs to Walker, supra, defendants, according to the record before us, are without interest in, or title to, the land. Before they have standing to attack plaintiff's title, it is necessary that they show title in themselves. Their answer converted the suit into a petitory action, and they thereby assumed the position of a plaintiff in such action.

Defendants denied that the Bodcaw Lumber Company, plaintiff, is, or ever has been, in the possession of the property in controversy. They had the right to tender this issue and have it disposed of before the case in other respects was considered. Labarre v. Burton-Swartz Cypress Co., 133 La. 854, 63 So. 380. This was not done. Notwithstanding the conversion of the form of action from one of slander of title to that of petitory, plaintiff's possession being denied, and it pleading the prescription of ten years, based upon its alleged possession, carried the burden of establishing the possession claimed by it.

Unless this has been done, it cannot be decreed in this suit the owner of the land, because it does not trace title back to the government, but to Johnson and Weaver, who, it is admitted, had no title to the property.

The evidence establishes that in the year 1908 or 1909 the timber on this land was cut and removed. On trial, defendant admitted that this timber was cut and removed by plaintiff. To effect removal of the logs from this land and from other lands owned by plaintiff in same territory, a tramroad was constructed across and over the north forty of the eighty-acre tract. We assume this tramroad simply traversed the land in its course from one part of plaintiff's holding to another. It is not shown how long the tram was used, but the signs of it were noticeable a very short time before trial of this case; also the stumps. It is not established by affirmative evidence that the tramroad was built by plaintiff, but since it held deed to the land, cut and removed the timber from this and other tracts in same vicinity, it is safe to assume, and we do conclude from these facts and the inferences arising from other evidence, that the tramroad was built and owned by plaintiff.

It is shown that in the year 1913, T. A. Walker made claim against plaintiff for the value of the timber cut and removed from the land in 1908 or 1909. This matter was referred by plaintiff to its vendors, Johnson and Weaver, who settled with Walker by paying him $450. It is not shown that plaintiff participated in the negotiations leading up to and those included in the adjustment of the dispute, nor that it in any manner or to any extent recognized Walker's title as superior to that held by it. Naturally, when its right to cut and remove the timber was questioned, the matter was referred to its

warrantors for their disposition. If they elected to pay any amount in order to avoid litigation, they did so on their own volition, and plaintiff should not be prejudiced thereby. However, according to the record in this case, there was no good reason for Johnson and Weaver paying Walker for the timber cut, for he did not hold a legal title to the land and was not in possession of it, while plaintiff's title, precarious as it is shown to be, was supported by possession of several years when the controversy arose.

An acknowledgment of an outstanding title in another, to interrupt the course of prescription already begun, as a consequence of possession in good faith, must be clear and definite. La Del Oil Properties v. Magnolia Petroleum Co., 169 La. page 1137, 126 So. 684, and many other authorities cited therein; City of New Orleans v. Shakspeare et al., 39 La. Ann. page 1033, 3 So. 346.

As stated herein, it is not shown that plaintiff acknowledged Walker's title superior to its own, but on the contrary continued to claim the land and pay taxes on it.

The most serious question involved in a decision of this case is that of possession. If plaintiff's possession of the property has not been sufficient to predicate prescription upon, then neither side can take anything by this suit, for it is certain defendants are not in possession and never have been, nor was their father in the corporeal possession of the property for any length of time.

All of the pine timber was removed from the land about the time the tramroad was constructed across it. The stumps remained there as mute evidence that the land had been possessed to the extent necessary to cut and remove the trees. The signs of the tramroad were visible at time of the trial of the case in February, 1931. These two facts indicate unmistakably that someone had exercised actual possession of parts of the entire tract, and were sufficient to lay the predicate for prescription of ten years acquirendi causa when done by one holding under a recorded title and in good faith. Miller v. Albert Hanson Lbr. Co., 130 La. 665, 58 So. 502; Leader Realty Co. v. Lakeview Land Co., 133 La. 653, 63 So. 253.

In the matter of possession, good faith is always presumed. Civ. Code, art. 3481. He who alleges bad faith must prove it.

"It is sufficient if the possession has commenced in good faith; and if the possession be afterwards held in bad faith, that shall not prevent the prescription." Civ. Code, art. 3482. Barrow v. Wilson, 38 La. Ann. 209.

"The actual possessor, when he proves that he has formerly been in possession, shall be presumed also to have been in possession in the intermediate time." Civ. Code, art. 3492.

"When a person has once acquired possession of a thing by the corporal detention of it, the intention which he has of possessing suffices to preserve the possession in him, although he may have ceased to have the thing in actual custody, either himself or by others." Civ. Code, art. 3442.

"Whether this is a possessory or petitory action, or whether it is merely a suit for slander of title, are issues which need not be discussed here, for, in our opinion, the trial judge correctly found, as a fact, that plaintiff took physical possession of the property shortly after the recordation of its deed thereto, and, after some months of actual occupancy, it has had uninterrupted civil possession for more than ten years. A judgment was therefore rendered maintaining plaintiff's plea of prescription and rejecting the defendants' demands." Industrial Lumber Co. v. Farque, 162 La. 793, 111 So. 166, 167.

In this case, the Supreme Court affirmed the judgment of the lower court, which

378

maintained the plea of prescription based upon possession of the character reflected from the above-quoted excerpt from the decision.

For the foregoing reasons, the judgment appealed from, in our opinion, is correct, and it is hereby affirmed.