186 So. 85

**CROWELL & SPENCER LUMBER CO. v.
BURNS et al.**

No. 35061.

Jan. 10, 1939.

LeDoux R. Provosty, of Alexandria, for appellant.

Olin D. Moore, of Many, for appellees.

O'NIELL, Chief Justice.

This is a contest over the title to the standing timber on 80 acres of land belonging to the defendants. The plaintiff, lumber

company, claiming to be in possession as owner of the timber, brought an action for slander of title against the defendants, heirs of John E. Burns. They, answering the suit, admitted that they were claiming title to the timber; hence they set up a reconventional demand to be decreed the owners of the timber. The suit was converted thus into a petitory action, in which the heirs of Burns became the plaintiffs, and the lumber company the defendant. The lumber company, by way of an exception of no cause of action, and again by objecting to the defendants' offering of proof of their title to the timber, protested against the defendants' being allowed to convert the suit into a petitory action. The exception and objection were overruled; and the trial of the case resulted in a judgment for the Burns heirs, declaring them to be the owners of the timber. The lumber company is appealing from the decision.

■ The first complaint of the appellant is that the judge of the district court should not have allowed the defendants in the action for slander of title to convert the suit into a petitory action without the consent of the plaintiff in the original suit. This complaint is founded upon the argument that an action for slander of title, or a jactitation suit, is of the nature of a possessory action, and, according to article 55 of the Code of Practice, such an action is not convertible into a petitory action without the consent of the plaintiff. The appellant cites in support of the argument Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 So. 883, and Haas v.

Currie, 169 La. 1041, 126 So. 547. Haas v. Currie, supra, was, as the court said, "manifestly possessory action," and was not in any sense a jactitation suit; hence the ruling that the suit could not be converted into a petitory action without the consent of the original plaintiff is not applicable to a jactitation suit. The ruling in Miller v. Albert Hanson Lumber Company, supra, was that a jactitation suit was like a possessory action in that it was founded, essentially, upon the plaintiff's being in possession of the property. But in other respects the two forms of action are not governed by the same rules. The defendant in a possessory action cannot contest with the plaintiff for the title to the property, but must resort to a separate action in order to claim the title. Code of Prac. art. 55. On the other hand, the defendant in a jactitation suit, or an action for slander of title, is not obliged to bring a separate action in order to claim title to the property, but may assert his claim of title in the original suit, and thus convert it into a petitory action, in which he is the plaintiff and the party who was originally the plaintiff becomes the defendant. Livingston v. Heerman, 9 Mart., O. S., 656; Gay v. Ellis, 33 La.Ann. 249; Dalton v. Wickliffe, 35 La.Ann. 355; McConnell v. Ory, 46 La.Ann. 564, 15 So. 424; Williams' Heirs v. Zengel, 117 La. 599, 42 So. 153; Teddlie v. Riser, 121 La. 666, 46 So. 688; Young v. Town of Morgan City, 129 La. 339, 56 So. 303; Garrett v. Spratt, 131 La. 707, 60 So. 199; Perry v. Board of Commissioners of Caddo Levee District, 132 La. 415, 61 So. 511; Labarre v. Burton-Swartz Cypress Co., 133 La.

854, 63 So. 380; Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 So. 883; Wilson v. Pierson, 143 La. 287, 78 So. 561; Federico v. Nunez, 168 La. 914, 123 So. 618; Siegel v. Helis, 186 La. 506, 172 So. 768; 12 T.L.R. 254, 256, 257.

"It would be idle," said the court in McConnell v. Ory, supra, 15 So. 425, "to order the defendant [in a jactitation suit] to institute another suit to establish title, when by his answer he tenders that issue."

On the 3rd day of March, 1922, John E. Burns, father of the parties who were made defendants in this jactitation suit, sold to the W. R. Pickering Lumber Company, for $350 cash, the standing timber, now in contest, on his 80 acres of land described as W½ of NW¼ of Sec. 14, T. 3 N., R. 6 W. In the deed it was stipulated that the lumber company, or its successors or assigns, should have the right of ingress upon and egress from the land, with wagons, teams, tram roads, railroads, or any other means that the grantee might see fit to employ for the purpose of turpentining the timber, or removing it from the land, and for the purpose of turpentining or removing any other timber that the lumber company then owned or might thereafter acquire. This stipulation in the deed was limited by this concluding phrase: "all of which said privileges, rights, ways and easements hereby granted shall be and remain in full force and effect for the period of fifteen years from and after the date hereof."

By an act of exchange, on September 17, 1923, the Crowell & Spencer Lumber Company acquired from the W. R. Pickering Lumber Company the timber on several tracts of land, including the 80 acres belonging to John E. Burns; and in the act of exchange it was stipulated that the Crowell & Spencer Lumber Company should have the period of 25 years in which to cut and remove the timber from the lands. The same time limit was put upon the right of the W. R. Pickering Lumber Company to cut and remove the timber which that company acquired by the act of exchange.'

John E. Burns died, intestate, on the 27th day of June, 1928, and his wife died, intestate, on the 12th day of May, 1929. The parties who were made defendants in this jactitation suit—and who are now the plaintiffs in the petitory action—are the sons and daughters of John E. Burns and his wife, and, as such, they inherited the 80 acres of land on which the timber in contest stands, together with such reversionary right as John E. Burns and his wife had in and to the timber itself. The fifteen years mentioned in the deed from Burns to the W. R. Pickering Lumber Company expired on the 3rd day of March, 1937. Thereafter, and from that date, the heirs of John E. Burns and wife claimed title to the timber, and offered it for sale, and thus provoked the bringing of this jactitation suit by the Crowell & Spencer Lumber Company.

It is well settled that if, in a sale of standing timber, a time limit upon the right of the buyer to remove the timber from the land is fixed in the deed, the title to the timber that is not removed within the time stipulated reverts to the seller,

or to his successors or transferees. St. Louis Cypress Co. v. Thibodaux, 120 La. 834, 45 So. 742; Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740; Hammond Lumber Co. v. Hilgner, 156 La. 229, 100 So. 407; Willetts Wood Products Co. v. Concordia Land & Timber Co., 169 La. 240, 124 So. 841, 71 A.L.R. 140; Bodcaw Lumber Co. v. Clifton Heirs, 169 La. 759, 126 So. 52.

The attorney for the appellant in this case, as we understand, does not dispute the doctrine of the cases which we have cited, but depends upon the decisions to the effect that, when no time limit is fixed for the removal of the timber, in an act of sale of standing timber, the omission to fix the time limit does not render the contract null, but the buyer of the timber has a reasonable time in which to remove it, and the seller has a right of action to have this reasonable time fixed by a judicial decree, viz.: Shepherd v. Davis Bros. Lumber Co., 121 La. 1011, 46 So. 999; Woods v. Union Sawmill Co., 142 La. 554, 77 So. 280; Simmons v. Tremont Lumber Co., 144 La. 719, 81 So. 263; Big Pine Lumber Co. v. Hunt, 145 La. 342, 82 So. 363; Kavanaugh v. Frost-Johnson Lumber Co., 149 La. 972, 90 So. 275; and Ward v. Hayes-Ewell Co., 155 La. 15, 98 So. 740. But, in this latter case, Ward v. Hayes-Ewell Co., the court reviewed the former decisions, to the effect that, where no time limit was fixed in an act of sale of standing timber, within which the buyer should remove the timber, the limit might be fixed by a judicial decree; and the court added [page 741]:

"But this court has never held that where the parties have agreed upon a delay in which to remove the timber, such delay might be extended by the court; not even in Savage v. Wyatt Lumber Co. [134 La. 627, 64 So. 491] and Woods v. Union Sawmill Co., supra, where the delay agreed upon had expired. For in both of those cases the purchaser had stipulated for an extension upon paying taxes; and it was to such indefinite extension that the court put a period of six months and two years respectively. The court itself granted no extension whatever.

"It will thus be seen that this court has always held, whether before or since the act [No. 188] of 1904, that standing timber was property subject to be acquired separately from the land on which it grows; but that when sold it must be cut and removed within the period agreed upon by the parties or fixed by the court in default of agreement; otherwise said timber reverts to the owner of the land. The act [No. 188] of 1904 had no other effect upon the status of standing timber so sold except to declare it an immovable, where before that it might have been argued that it was a movable; into the reason, and purpose whereof we find it unnecessary to go at this time."

The attorney for the appellant in this case argues that the deed from John E. Burns to the W. R. Pickering Lumber Company was an absolute sale of the standing timber, for a cash consideration, and that the additional grant, for the period of fifteen years, of the rights, ways and privileges necessary for the removal of the

timber, was merely a grant of a servitude, and did not put a time limit upon the right to remove the timber. Our interpretation of these clauses in the deed is that they did plainly put a time limit of 15 years upon the right of the W. R. Pickering Lumber Company to remove the timber. The stipulation that the "said privileges, rights, ways and easements hereby granted shall be and remain in full force and effect for the period of fifteen years" was the same as to say that the said privileges, rights, ways and easements should terminate at the end of fifteen years. The W. R. Pickering Lumber Company could not convey to the Crowell & Spencer Lumber Company any longer period in which to remove the timber than the W. R. Pickering Lumber Company acquired from John E. Burns.

The judgment is affirmed.