SIMON, Justice.
This is an action in jactitation in which the plaintiff, Louisiana Canal Company, Inc., alleges that it is the owner and is presently, and has been for more than thirty years, in the actual physical and open possession as owner of the following described property situated in the Parish of Calcasieu, to-wit:
“(a) A strip of land SO feet wide, commencing at Northeast corner of Southeast Quarter of Northeast Quarter of Section 1, Township 9 South, Range 7 West, La. Mer,, thence running west 620 feet, from thence a strip of land 100 feet wide running southwesterly the center line of said strip to run to a point on south line of said land, 271 feet east of its southwest corner.
“(b) Also, a strip of land 100 feet wide across the Northwest Quarter of Southeast Quarter of said Section 1, Township 9 South, Range 7 West, La. Mer., the center line of said strip beginning as follows: beginning on the east side of said land 564 feet south of its Northeast corner, and running Southwesterly to a point on its south line 367 feet west of its southeast corner.
“(c) A strip of land 100 feet wide across the Southeast Quarter of Southwest Quarter of Section 1, and Northeast Quarter of Northwest Quarter of Section 12, Township 9 South, Range 7 West, La. Mer., the center of said strip of land being described as follows : beginning at a point on east side of said land 1430 feet north of its southeast corner, thence running southwesterly to a point on its west line 689 feet north of its southwest corner, from thence a strip of land 50 fe-et wide running south along the west line of said land to its southwest corner.”
*669 In its petition plaintiff alleges that the defendant has slandered its title by addressing a communication to and advising the Magnolia Petroleum Company, plaintiff’s mineral lessee, that he is the owner of the property described in sub-paragraph (a) and (b), and as such is entitled to the pro-rata share of oil produced from property with which the two named tracts are unitized. It further alleges a slander by the defendant as to the tract under sub-paragraph (c) by having caused the recordation in the Conveyance Records of Calcasieu Parish of a pretended purchase by him of said tract, and the addressing of a similar letter, as aforementioned, to the mineral lessee asserting his ownership thereto. Plaintiff prayed that the defendant be ordered to either disclaim any title of any nature to the property, or to assert herein such rights as he may have hereto; that after all due proceedings had, there be judgment cancelling the said recorded inscription of pretended title as affecting tract (c) and condemning the defendant to pay plaintiff the sum of $500 damages.
To the suit defendant tendered an exception of no right and no cause of action, which, for all intents and purposes, was levelled at plaintiff’s lack or want of possession as would justify a slander of title suit, and alleging that he is, and has been, in the actual possession of the subject property for more than ten years. Upon the factual issue of possession, oral and documentary evidence was submitted by both sides, whereupon the lower court overruled the exceptions and decreed that plaintiff had established and sufficiently proved its possession as to authorize its right to proceed with its jactitation suit.
It is significant that upon the overruling of his exception the defendant failed to file an answer joining issue on the alleged slander. Plaintiff thereupon moved for a default judgment. After hearing evidence on plaintiff’s claims, the trial judge, in a written opinion, rendered judgment decreeing plaintiff to be the lawful possessor of the subject property, and maintaining and quieting its possession. The lower court further ordered the defendant to assert his claim of title by way of a petitory action within sixty days, or be forever barred from setting up any claims, rights or privileges to, on or against said property, no disposition being made of the claim for damages.
Within the sixty-day period the defendant filed answer styled as “Answer Setting Up Title,” in which, after first reserving his right to re-urge on appeal his exception of “No Right and/or Cause of Action,” he alleged that he was the true and lawful owner of a i/sth undivided interest in and to the property described in sub-paragraphs (a) and (b) and a full ownership of the property described in sub-paragraph (c). He thereupon delineated his chain of title, and again with reservation of his rights under the exception of want of possession, alleged that plaintiff’s alleged ownership is in the nature of a servitude, or a right-of-way, for the maintenance and operation of an irrigation rice canal over and through his property, which adjoins both sides of said canal, and that whatever acts of possession were being conducted by plaintiff were those made necessary for the exercise of its servitude. He accordingly prayed for judgment recognizing him to be the true and lawful owner of the fee simple title and, as such, entitled to the full undisturbed possession thereof, subject only to plaintiff’s right of servitude.
After a trial on the merits, the trial judge rendered judgment in favor of the Louisiana Canal Company, Inc., recognizing it to be the true and lawful owner of the property and, as such, entitled to the full and undisturbed possession thereof. Joseph Eugene Leger has appealed.
At the outset, we think it was not inappropriate for the defendant, in obedience to the lower court’s judgment ordering him to assert title within a fixed time, to file an answer which he styles “Answer Setting up Title,” rather than filing a separate petitory action under another docket number and title, thus converting it into a *670 petitory action. Crowell & Spencer Lumber Co. v. Burns, 191 La. 733, 186 So. 85. Hence, the word “plaintiff” when used refers to Leger, the original defendant in the jactitation suit.
In his written brief and in oral argument before us, plaintiff has vigorously emphasized the merits of his exception of want of possession, contending that we should review and reverse the ruling of the lower court overruling this exception, prior to a determination of the merits of his appeal in the petitory suit. On the other hand, appellee urges that having converted the jactitation suit into a petitory action, the former has “passed out of the picture,” and that all that remains before us is the appeal on the petitory action.
The nature of a jactitation suit has been the subject of many adjudications, including the opinion of Siegel v. Helis, 186 La. 506, 172 So. 768, in which is found an exhaustive discussion of this remedial action, created as of necessity by our jurisprudence, and because of its source may be regulated by the courts so as to make effective the purpose for which it was created. In Ware v. Baucum, 221 La. 259, 59 So.2d 182, 185, we said: “The object of the action is to protect possession, not to establish title; and the relief sought therein is that defendant be ordered to bring suit to establish his pretensions, pay damages for the slander, and that the plaintiff be quieted in his possession. Unless the defendant in his answer chooses to tender the issue of title, an issue of that kind cannot be decided; the only possible issues determinable are the possession of plaintiff and the slander by the defendant.”
Prior to the enactment of Section 1 of Act 241 of 1946, now LSA-R.S. 13:5063, it was permissible for a defendant in a jactitation suit to deny or challenge the plaintiff’s possession by way of an answer and either deny the alleged slander, or assert his title. Hence, a ruling recognizing plaintiff’s possession would entitle him to proceed with his suit to final judgment, in the absence of defendant’s assertion of title. In this event, the action would thus be converted into a petitory suit, without the necessity of filing another answer reasserting title, or the filing of a separate petitory suit under another docket number and title. Crowell & Spencer Lumber Co. v. Burns, supra; Sherburne v. Iberville Land Co., 192 La. 1091, 190 So. 227.
LSA-R.S. 13:5063 was enacted subsequent to the Crowell and Sherburne decisions; and it provides that in all jactitation or slander of title suits whenever any defendant desires to raise as a defense the lack of a plaintiff’s sufficient possession of the property involved, or upon plaintiff’s failure to allege in his petition a sufficient possession, this challenge shall be raised and pleaded by means of and in an exception filed in limine litis.
It therefore follows that once this exception is overruled, the defendant may file an answer to the asserted claims in jactitation, or he may therein set out his chain of title, thus converting the suit into a petitory action, with or without the consent of the plaintiff, as distinguished from the possessory action. McConnell v. Ory, 46 La.Ann. 564, 15 So. 424; Labarre v. Burton-Swartz Cypress Co., 133 La. 854, 63 So. 380; Miller v. Albert Hanson Lumber Co., 134 La. 225, 63 So. 883. In a possessory action the defendant cannot cum-ulate or join the issue of title except by consent of the parties, but must resort to a separate action in order to claim title. Code of Practice, Article 55; Crowell & Spencer Lumber Co. v. Burns, supra.
In the instant case the defendant chose not to file an answer to the jactitation suit allowing and entitling plaintiff to a confirmation of default judgment, thereby recognizing and quieting plaintiff’s possession of the property and ordering the defendant to either disclaim or assert title within a fixed period of time, under penalty of being forever barred from so doing.
*671 Hence, this judgment became a final and appealable judgment. Collier v. Marks, 220 La. 521, 57 So.2d 43; Green v. Chamberlain, La.App., 1 Cir., 60 So.2d 120. Rather than move for a suspensive appeal therefrom, as he unquestionably had. the right to do, the defendant elected to assert title to the subject property by way of an answer under the same docket number as the jactitation suit, thus becoming the plaintiff in a petitory action. We are of the opinion that by this election he must be held to have acquiesced in and consented to the judgment’s finality, thus preferring a title contest with plaintiff, thereby effecting an abatement of the issue of possession.
We decisively recognized the finality and appealability of a judgment rendered in a jactitation suit in Collier v. Marks, supra [220 La. 521, 57 So.2d 45], and the following therefrom is pertinent here:
“(1) As heretofore set out, the judgment pursuant to which this suit was brought provided that the defendants in that suit should disclaim title to the lands or assert such title or rights as they might have to the lands by peti-tory action against plaintiff within 60 days from the date of the judgment (June 10, 1948). In the absence of a suspensive appeal the 60-day period set in the judgment would have expired 60 days from the date of the judgment, but by taking a suspensive appeal appellants suspended the effect of the district court’s judgment until such time as a judgment of this court on appeal might become final. The statement ‘60 days from the date of this judgment’ under the law could mean only ‘60 days from the date this judgment becomes final’. Under this interpretation plaintiff Collier had to assert his rights within 60 days from the date of the judgment in the event no suspensive appeal was taken or, if such an appeal was taken, within 60 days from the time the judgment became final in this court.
“Since a suspensive appeal was taken, there is no merit in the argument that the 60-day period began to run from the date of the judgment. By such a holding the appellant would have lost his right to institute his action while the suspensive appeal was pending because the appeal was not acted upon within 60 days.
“(2, 3) Appellant is in error in his conclusion that, when the decree of this court became final, there was no judgment of the lower court fixing the delay for the filing of his petitory action. If his argument were correct, the taking of a suspensive appeal in the instant case would have had the effect of voiding entirely that portion of the judgment of the district court setting the 60-day period for bringing the petitory action. His suspensive appeal certainly could not have this effect; it simply stayed in its entirety the judgment rendered by the lower court, including that portion setting the 60-day period, until the matter could be finally disposed of by this court. Moreover, we do not think there was any duty on this court in affirming the judgment to fix a time within which the petitory action was to be filed, because that portion of the judgment of the district court fixing the 60-day period simply remained in abeyance until final action by this court, at which time it became fully effective.”
While it is true that in the Sherburne case, supra, this Court referred to the judgment therein rendered as being “interlocutory” and not final or definitive, the particular facts therein involved clearly distinguish it from the instant one. There, the appealability of the judgment was not presented for our determination, the primary issue being the right of the defendant to convert the slander of title suit into a petitory action through the medium of an answer instead of by petition in a separate action. Also, we therein *672 recognized that the judgment was not an adjudication on all the claims which the defendants had asserted in their original answer to the jactitation suit, the sole matter disposed of being the recognition of plaintiff’s possession vel non sufficient to support a jactitation suit.
We recently reviewed the appealability of a judgment rendered on an exception raising as a defense, the lack of sufficient possession by the plaintiff of the property involved to institute and prosecute an action in jactitation, which exception, under Act 241 of 1946, supra, must be filed in limine litis. In the case of Stockstill v. Cotten, 230 La. 205, 88 So.2d 27, plaintiffs brought a jactitation suit, and the defendants, in limine litis, pursuant to the aforementioned statute, filed an exception of lack of possession on the part of plaintiffs sufficient to prosecute the suit. A hearing was held solely on the exception; and the lower court rendered judgment in favor of the plaintiffs, dismissing the exception. From that decree the defendants obtained an appeal. Upon plaintiffs’ motion we held that the judgment so rendered was interlocutory, causing no irreparable injury, and was not a final or definitive judgment decisive of all points and having the force of res judicata, and accordingly dismissed the appeal. We therein recognized that the judgment on the exception determined merely plaintiffs’ right to pursue the jacti-tory action, and did not dispose of the issues involved on the true merits of the cause, and also giving due recognition that under our law the bringing up of cases by fragments is not favored, and that no appeal is provided for unless irreparable injury is worked.
The cited case is obviously distinguishable from the instant case herein; and, as previously observed, not only was a judgment rendered overruling the exception challenging plaintiff’s possession, but a confirmation of default judgment was rendered on the merits of the jactitation suit. This judgment finally and favorably disposed, of all claims asserted by plaintiff and thus became a final and appealable judgment. Defendant could have elected to suspend the judgment by a timely appeal or have acquiesced thereto by asserting title to the property within the time limit ordered by the court, thus converting the proceeding into a petitory action. Having selected the latter procedure, the question of possession and the alleged slander became extinct and was no longer a justiciable controversy.
The remaining issue is whether the plaintiff has proven an apparent valid title to the subject property, the recovery of which, if at all, must rest upon the strength of his own title. Baird v. Atlas Oil Co., 146 La. 1091, 84 So. 366; Cook v. Martin, 188 La. 1063, 178 So. 881; Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 225; Collins v. Sun Oil Co., 223 La. 1094, 68 So.2d 184. Code of Practice, Articles 43, 44.
In his petition plaintiff alleged that he is the lawful owner of an undivided one-fifth interest in the tracts described in sub-paragraphs (a) and (b). It appears that these two strips transverse a larger area of land allegedly owned by plaintiff’s father, Eugene Leger, he having acquired it on December 2, 1890, by virtue of a patent from the United States government. Plaintiff’s title to his undivided one-fifth interest emanates from judgments recognizing him and his co-heirs as owners and placing them in possession of their respective undivided one-fifth interest in the succession proceedings of their father and mother (Succession of Eugene Leger, No. 3830, dated December 17, 1930, File No. 138,984 and Succession of Mrs. Arise Leger, No. 6644, dated November 10, 1948, File No. 410,486, as reflected by the public records of Calcasieu Parish), and more particularly covering the larger area in its entirety.
On the other hand, the defendant introduced evidence of its chain of title, firstly, by virtue of an authentic deed dated March 20, 1900, from Eugene Leger to the *673 Planters Canal Company, Ltd., wherein was granted, sold and conveyed, with full sub-rogation to all rights and actions in warranty, the said two strips of land as described ; secondly, a deed filed October 29, 1900, from Planters Canal Company, Ltd., to Poalo Canal and Industrial Company, Ltd., a deed dated February 26, 1902, from Poalo Canal and Industrial Company, Ltd., to Vernon Ford, and by the latter to David H. Heflebower and Robert E. Holloway, dated February 26, 1902; a deed by the latter purchasers, including Vernon O. Ford, to the Missouri Rice Company; and, finally, a deed by the latter company, in liquidation, to the defendant, Louisiana Canal Company, Inc., dated March 27, 1920. All of the aforementioned deeds refer to and fully describe, besides other property, the two tracts in question.
The deed from Eugene Leger to the Planters Canal Company, Ltd., dated March 20, 1900, is an absolute and fully effective sale and transfer of the fee simple title to the two tracts described under sub-paragraphs (a) and (b), which after mesne conveyances, were finally purchased in fee by defendant from the Missouri Rice Company, as per deed dated March 27, 1920.
Plaintiff’s title is grounded solely on his inheritance from the succession of his father and mother, Eugene Leger and Mrs. Arise Leger. Eugene Leger having sold and conveyed the subject strips by a valid and authentic deed, necessarily plaintiff did not inherit through the successions of his father and mother, supra, these described strips. Plaintiff acquired, his ancestor having parted with title thereto, and as an heir could enjoy no greater right, title, or interest than that of his ancestor. It must be further conceded that having accepted unconditionally the successions of his father and mother, plaintiff incurred the obligation of fulfilling the warranty expressly granted by his ancestors in the deed to defendant’s author in title, and would be thereby estopped from claiming title to the property. Walker v. Fort, 3 La. 535; Stokes v. Shackleford, 12 La. 170; Smith v. Elliot, 9 Rob. 3; McQueen v. Sandel, 15 La.Ann. 140; Sevier v. Gordon, 29 La.Ann. 440; Chevalley v. Pettit, 115 La. 407, 39 So. 113; Cochran v. Gulf Refining Co., 139 La. 1010, 72 So. 718; Berry v. Wagner, 151 La. 456, 91 So. 837; Soule v. West, 185 La. 655, 170 So. 26; Sparks v. Dan Cohen Co., 187 La. 830, 175 So. 590; Maisonneuve v. Martin, 155 La. 938, 99 So. 704; Cook, supra.
Title to the strip of land described under sub-paragraph (c) asserted by plaintiff finds its origin, common to both litigants, through a patent issued by the United States Government to John F. Denison, being a grant of a larger area embracing said strip, filed for record February 24, 1898. Both litigants concede their common ancestry in title. It appears that Denison, on February 24, 1898, sold the patented land to Earl L. Foster. It is significant that in his petition plaintiff alleges that Foster acquired the property in question by authentic deed of purchase from Denison dated February 24, 1898. It also appears that on March 20, 1900, Foster executed a deed in favor of Planters Canal Co., Ltd., wherein the vendor did “grant, sell and convey,” with full warranty of title, to the vendee the strip or tract described in sub-paragraph (c). Following mesne conveyances, defendant acquired the subject strip, with other property, from the Missouri Canal Company by deed dated March 27, 1920.
On the other hand, plaintiff claims title by virtue of a deed executed by Earl Foster to Paul Zimmerman, dated November 3, 1919, and by Zimmerman to plaintiff by deed of purchase dated April 14, 1926, both deeds conveying the property originally patented without exclusions, or the recognition of tract (c) previously sold by Foster to the Planters Canal Co., defendant’s ancestor in title.
Hence, it is obvious that Earl Foster, the common author in title of plaintiff and defendant, having sold and conveyed the strip described under sub-paragraph *674 (c) to the Planters Canal Co., Ltd., under an express warranty in favor of the latter’s successors and assigns, any subsequent attempted transfer thereof by Foster in favor of plaintiff’s author in title was invalid, 'without legal effect and not translative of title.
We necessarily conclude that plaintiff having failed to establish or prove an apparent valid title in himself to the lands in controversy, the recognition of his claims must be denied.
Accordingly, for the reasons assigned the judgment appealed from is affirmed, at appellant’s cost. ;